Ernest LANG, Plaintiff and Appellant,

v.

BANK OF STEELE, Defendant
and Appellee.

Civ. No. 870082.

Supreme Court of North Dakota.

Nov. 19, 1987.

Ernest Lang, pro se.

Arlen M. Ruff of Kelsch, Kelsch, Ruff & Austin, Mandan, for defendant and appellee.

VANDE WALLE, Justice.

Ernest Lang appealed from a judgment granting the motion of the Bank of Steele (hereinafter Bank) to dismiss for failure to state a claim upon which relief can be granted and for judgment on the pleadings, and awarding the Bank reasonable attorney fees. We affirm the judgment on the pleadings and reverse the award of attorney fees.

The facts giving rise to this action were well described by this court in *Bank of Steele v. Lang*, 399 N.W.2d 293, 294 (N.D. 1987) (*Lang I*):

"On May 11, 1984, Lang executed a promissory note to the Bank of Steele for $140,000.00. This note renewed Lang's prior debt to the Bank of Steele and also provided Lang with two advances totaling $18,928.38. To secure payment of Lang's prior debt, the Bank of Steele had perfected a security interest in Lang's farm equipment, livestock, crops and proceeds. As additional collateral for the renewal and advances, Lang gave the Bank of Steele a real estate mortgage on his farmland which was second in priority to the real estate mortgage held by the Bank of North Dakota. The promissory note was due and payable on October 8, 1984.

"On May 11, 1984, the Bank of North Dakota, having foreclosed its real estate mortgage on Lang's real estate, apparently purchased Lang's farmland at the sheriff's sale for $100,683.01. Almost one year later, the Bank of North Dakota apparently assigned its sheriff's certificate of sale to the Bank of Steele for $105,648.20.

"Lang defaulted on the promissory note due to the Bank of Steele. On April 12, 1985, the Bank of Steele served Lang with a summons and complaint seeking a money judgment on Lang's promissory note and foreclosure of its security interest in Lang's personal property."

In *Lang I* after the trial court granted the Bank a money judgment against Lang and foreclosed the Bank's security interest in Lang's equipment, livestock, crops, and proceeds and dismissed with prejudice Lang's counterclaims against the Bank for fraud and violation of the corporate farming law, Lang appealed to this court. We affirmed the trial court's decision.

While Lang was appealing the decision affirmed in *Lang I*, he began the present action. Lang alleged that the Bank failed to follow procedures specified in Chapter 28–24, N.D.C.C., regarding redemption

when the Bank purchased the sheriff's certificate held by the Bank of North Dakota, covering land once owned by Lang and upon which the Bank of North Dakota had foreclosed. Lang asked for the following forms of relief:

1. That the assignment of the sheriff's certificate issued to the Bank of Steele "be declared null and void due to the absence of a notice of intent to redeem as required by Statute 28–24–03";

2. That the sheriff's deed issued therefrom "likewise be declared null and void";

3. That five days of lost redemption time be reinstated;

4. That treble damages in the amount of $688,353.33 be awarded because of the Bank's alleged fraud and collusion in attempting to acquire Lang's "livelihood";

5. That Lang receive costs and disbursements; and

6. That the Bank be required to reimburse Lang for all rents and government subsidies received because its acquisition of the land allegedly violated the corporate farming law.

The Bank filed an answer and moved to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted and asked for judgment on the pleadings. The Bank also asserted that the judgment of the trial court in the proceedings which eventually led to our decision in *Lang I* was res judicata.

Subsequently, the trial court issued a memorandum opinion regarding the motion.[1] The court denied the motion to dismiss on the basis of res judicata, but granted the motion to dismiss on the basis of failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(5), N.D.R.Civ.P., and for judgment on the pleadings pursuant to Rule 12(c), N.D.R. Civ.P. The court also granted the Bank's request for reasonable attorney fees, finding Lang's claims to be without merit and frivolous.

Thereafter, the clerk of court issued a judgment in this case granting the motion to dismiss and for judgment on the pleadings, and awarding reasonable attorney fees in the amount of $442.50. It is from this judgment that Lang appeals. However, no document entitled "Order for Judgment" was ever issued by the court below.

I

■ We first consider whether this court has jurisdiction to consider this appeal. "Only those judgments and decrees which constitute a final judgment of the rights of the parties to the action and those orders enumerated by statute are appealable." *Allen v. White Drug of Minot, Inc.*, 346 N.W.2d 279, 280 (N.D.1984).

■ Lang has brought to our attention the fact that no order for judgment was issued by the court below before the clerk of court issued a judgment. He argues that this voids the judgment and thus there is nothing from which an appeal may be taken.

Rule 58, N.D.R.Civ.P., provides: "A judgment upon an issue of law or of fact or upon confession or upon failure to answer may be entered by the clerk upon the order of the court or the judge thereof, ..." This court has previously decided that this language requires the existence of an order for judgment before a valid judgment may be issued. See *Dibble v. Hanson*, 17 N.D. 21, 114 N.W. 371 (1908) (on rehearing), and *Fettig v. Fettig*, 176 N.W.2d 523 (N.D. 1970).

■ We believe that in this case an order for judgment is implicit in the trial court's memorandum opinion. Although the memorandum opinion contains no magic language to the effect that "judgment should issue accordingly," it does plainly state that "the defendant's motion to dismiss and for judgment on the pleadings is granted." Stating this, the trial court intended to dispose of this case, and it intended that a

---

1. The trial court issued its memorandum opinion prior to the publication of our decision in *Lang I.*

judgment conforming to the memorandum opinion be issued.

This determination is consistent with our recognition that an appeal from a memorandum decision may be taken where "there is an indication in the memorandum decision that it was intended to constitute a final order of the court." *Midwest Federal Sav. Bank v. Symington,* 393 N.W.2d 753, 754 (N.D.1986). Here, if the trial court did not intend its memorandum opinion to be a final order [see *Eisenzimmer v. City of Balfour,* 352 N.W.2d 628 (N.D.1984)], it did intend that a judgment issue commensurate to the opinion. We believe the trial court's memorandum opinion contained an implicit order for judgment. Therefore, the judgment issued is one from which an appeal can be taken.

## II

■■■ Lang contends that the court below erred in granting judgment on the pleadings and in dismissing his complaint on the ground that it failed to state a claim upon which relief can be granted. When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(5), N.D.R.Civ.P., we recognize that:

"... a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.... The court's inquiry is directed to whether or not the allegations constitute a statement of a claim under Rule 8(a), N.D.R.Civ.P., which sets forth the requirements for pleading a claim and calls for 'a short and plain statement of the claim showing that the pleader is entitled to relief.'

"The complaint is to be construed in the light most favorable to the plaintiff, ... and the allegations of the complaint are taken as true.... The motion for dismissal of the complaint should be granted only if it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted." *Johnson & Maxwell, Ltd. v. Lind,* 288

N.W.2d 763, 765 (N.D.1980). [Citations omitted.]

Our observations regarding a motion under Rule 12(b)(5) are pertinent to a motion under Rule 12(c), N.D.R.Civ.P. *McCroskey v. Cass County,* 303 N.W.2d 330 (N.D.1981).

■■■ The major contention of Lang's complaint is that the Bank was required to file a notice of redemption pursuant to Section 28–24–03, N.D.C.C., when it purchased the sheriff's certificate from the Bank of North Dakota. Lang further alleges that this failure deprived him of an extra 60 days of redemption time.

Underlying this contention is the premise that the Bank was required to redeem the land in question rather than to purchase the sheriff's certificate of sale. The trial court apparently agreed with this premise, stating that the Bank's purchase of the sheriff's certificate was an act of redemption. However, the trial court dismissed the complaint because it determined that Lang suffered no detriment. We disagree with the trial court's conclusion that the Bank was required to follow the redemption process; however, we agree that the complaint failed to state a claim upon which relief can be granted. We therefore affirm the dismissal. In doing so we follow the principle that "A correct outcome will not be set aside merely because the trial court assigned an incorrect reason for its decision 'if the results are the same under applicable reasons.'" *First Nat. Bank of Belfield v. Burich,* 367 N.W.2d 148, 154 (N.D.1985). [Citation omitted.]

We rejected Lang's contention that the Bank was required to redeem rather than purchase the sheriff's certificate in *Lang I.* While we noted that the issue was not properly before us then, we did discuss the applicable law. Our view of the law has not changed. In *Lang I* we stated, "No law prohibits a corporation, in protecting its security interest in real property, from purchasing an assignment of the sheriff's certificate of sale to the real property." 399 N.W.2d at 296. Thus a creditor holding a subordinate lien upon property which has been foreclosed upon does not have to redeem, and the creditor may make an out-

right purchase of the sheriff's certificate. Just as any stranger to the transaction may purchase a sheriff's certificate, so may a creditor with a lien on the property. Thus the Bank did not have to redeem.

It is true that this court has stated:

"We must remember that the statute in regard to redemptions is not only for the benefit of the lienholder but also for the benefit of the mortgagor, and that the policy of the law and of the statute seems to be to give every encouragement to subsequent lienholders to redeem, and this as much for the benefit of the debtor as of the lienholders." *Lang I*, 399 N.W. 2d at 296, quoting *Fox v. Nelson*, 30 N.D. 589, 153 N.W. 395, 396 (1915).

However, as this quotation states, the law *encourages* the redemption process. The law does not require redemption. Therefore, the Bank was not required to utilize the redemption process, and no claim for relief could be grounded in a claim of redemption that did not take place.

■ Lang seems to argue that if the Bank is allowed to purchase the sheriff's certificate, in order that he as a debtor might redeem he would have to pay the amount of the purchase price of the certificate plus the amount of the still-outstanding chattel mortgage held by the Bank (which had been given as security for Lang's loan prior to the renewal of the loan when Lang additionally gave the mortgage on his land as security). This is incorrect. In order to redeem the debtor need pay only the purchase price with interest, plus amounts which have been paid to protect the premises. Sec. 28–24–02, N.D.C.C. Lang apparently relies on that part of the statute which requires a "redemptioner" to pay superior liens held by the purchaser.[2] However, Lang is not a "redemptioner" under Chapter 28–24. Section 28–24–01 gives the term "redemptioner" a specific definition which excludes debtors, only including creditors having liens on the property.[3] See also *Lang I*, 399 N.W.2d at 297. Thus, because Lang was a debtor he was not a redemptioner and did not have to pay the superior lien.

■ The Bank's purchase of the sheriff's certificate from the Bank of North Dakota a few days prior to the end of the redemption period did not affect Lang's right to redeem. Lang still had the right to redeem the property by paying the purchase price, plus interest, and any additional amounts paid to protect the property, under Section 28–24–02. Lang did not avail himself of this right, and by virtue of the passing of the redemption period the property became the Bank's property.

Because the Bank was not required to utilize the redemption process, Lang failed to state a claim upon which relief can be granted. Therefore, the trial court's dismissal was proper.

Lang also alleged he should receive a money judgment because the Bank had committed fraud and collusion in acquiring the property. Again, this claim is based on the Bank's failure to redeem rather than purchase the sheriff's certificate. Because the Bank could purchase there was no

---

2. Section 28–24–02, N.D.C.C., provides:

"The judgment debtor or redemptioner may redeem the property from the purchaser within one year (six months in redemptions under subsection 1 of section 32–19.1–04) after the sale on paying the purchaser the amount of the purchase with interest at the rate provided in the original instrument on which the judgment is based, plus the amount of any insurance premiums, assessments, taxes, utilities, or other items paid by the purchaser in protection of the title or the premises, which the purchaser may have paid after the purchase, and interest at the same rate on that amount, *and, if the purchaser is also a creditor having a lien superior to that of the redemptioner other than the judgment under which the pur-*chase *was made, the amount of that lien with* interest." [Emphasis added.]

3. Section 28–24–01, N.D.C.C., provides:

"Property sold subject to redemption, or any part sold separately, may be redeemed in the manner hereinafter provided, by the following persons or their successors in interest:
"1. The judgment debtor, or his successors in interest; and
"2. A creditor having a lien by judgment, mortgage, or otherwise on the property sold, or on some share or part thereof, subsequent to that on which the property was sold.
"The persons mentioned in the second subsection of this section are in this chapter termed redemptioners."

fraud and collusion in doing so. Thus the complaint failed to state a claim upon which relief can be granted.

■ Lastly, Lang alleged that by taking control over the property in question the Bank was engaged in the act of corporate farming in violation of Chapter 10–06, N.D.C.C. The court below determined that this acquisition was permitted under Section 10–06–13(4), N.D.C.C. We agree. As we stated in *Lang I:*

> "Section 10–06–13(4), N.D.C.C., permits a corporation to 'acquire farmland or ranchland as security for indebtedness, by process of law in the collection of debts, or by any procedure for the enforcement of a lien or claim thereon....' No law prohibits a corporation, in protecting its security interest in real property, from purchasing an assignment of the sheriff's certificate of sale to the real property." 399 N.W.2d at 295–296.

By purchasing the sheriff's certificate of sale to the property the Bank was protecting its security interest in the property. Thus the Bank's purchase was allowable under Section 10–06–13(4). Lang has no cause of action under this theory.

Because it was impossible for Lang under this complaint to prove a claim upon which relief can be granted, the trial court properly granted judgment on the pleadings and dismissed the complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(5).

### III

■ In its memorandum opinion the trial court awarded reasonable attorney fees to the Bank because it found Lang's claims to be without merit and frivolous. The judgment in this case awarded attorney fees in the amount of $442.50. We reverse this award for two reasons.

The first reason for our reversal is that there is no indication that the trial court ever determined that $442.50 equaled "reasonable attorney fees." Counsel for the Bank stated that he submitted this amount to the clerk of court and that he did not know whether the trial court had seen the amount requested. Thus there is no indication that the trial court ever determined that $442.50 was a "reasonable attorney fee."

The second reason for reversing the award of $442.50 concerns the basic reason for the award of reasonable attorney fees. Section 28–26–01(2), N.D.C.C., governs the awarding of attorney fees where a claim is frivolous. Although recently amended [see 1987 N.D.Sess.Laws ch. 387, § 1], at the time of the proceedings below, Section 28–26–01(2) allowed the court in its discretion to award certain costs including attorney fees where "there is such a complete absence of actual facts or law that a reasonable person could not have thought a court would render judgment in their favor, ..." While we agree that the claim was properly dismissed, we do not believe that it is a claim under which "a reasonable person could not have thought a court would render judgment in their favor, ..."

A number of factors support this conclusion, the primary one being that when Lang commenced this action we had not yet issued our opinion in *Lang I.* In fact, the trial court determined that the purchase by the Bank was a redemption, but that other reasons excused the Bank from liability to Lang. We determined in *Lang I,* and hold again today, that the Bank was not required to redeem, but could make an outright purchase of the sheriff's certificate. Thus it is readily apparent that the law in this area was not so settled that Lang "could not have thought a court would render judgment" in his favor. It was conceivable that this court might hold that the redemption process of Chapter 28–24 was the exclusive course of action for a creditor seeking to acquire land on which it held a lien and which had already been foreclosed upon. Lang should not suffer for having raised a legal question, the answer to which was unclear at the commencement of this action. We therefore hold that the trial court abused its discretion in awarding attorney fees in this case.

### CONCLUSION

The issuance of judgment on the pleadings for failure to state a claim upon which

relief can be granted is affirmed. The award of attorney fees is reversed.

ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ., concur.