**BANK OF STEELE, and its assignee, Anton Binstock, Plaintiffs and Appellees,**

v.

**Ernest R. LANG, Defendant and Appellant.**

Civ. No. 870357.

Supreme Court of North Dakota.

May 17, 1988.

Kelsch, Kelsch, Ruff & Austin, Collins and Main, Mandan, for plaintiffs and appellees; argued by Arlen M. Ruff.

Bryan L. Giese, Mandan, for plaintiff and appellee Anton Binstock.

Thomas M. Disselhorst, Bismarck, for defendant and appellant.

MESCHKE, Justice.

Ernest R. Lang appealed from an order denying his motion to set aside both the assignment of a judgment of eviction and the Special Execution issued to enforce that judgment against him. We affirm.

In 1984, Ernest Lang gave a second mortgage on his farm to the Bank of Steele, subordinate to a first mortgage to the Bank of North Dakota. The Bank of

North Dakota foreclosed its mortgage and purchased the land at the sheriff's sale. Shortly before the time for redemption ended, the Bank of North Dakota sold and assigned its sheriff's certificate of sale to the Bank of Steele. Lang did not redeem, the sheriff's deed was issued to the Bank of Steele, and the foreclosure became final. Lang has been unsuccessful in challenging this foreclosure. *See Lang v. Bank of North Dakota*, 377 N.W.2d 575 (N.D.1985), *Bank of Steele v. Lang*, 399 N.W.2d 293 (N.D.1987), and *Lang v. Bank of Steele*, 415 N.W.2d 787 (N.D.1987). *See also Lang v. Bank of North Dakota*, 423 N.W.2d 501 (N.D.1988).

Lang remained on the land past the time for redemption, forcing the Bank of Steele to sue to evict him. The Bank obtained a judgment of eviction on May 15, 1986, but took no steps to enforce it until May 5, 1987. Then, the Bank assigned the eviction judgment to Anton Binstock in connection with leasing the land to him. A Special Execution was issued on May 6, 1987, directing the sheriff to evict Lang from the farm. Lang moved to set aside both the assignment and the Special Execution. The trial court denied the motion. Lang appealed.

Lang argued that assignment of the judgment to Binstock was improper, that the judgment could not be enforced so long after its entry, and that the Special Execution did not intelligibly refer to the judgment, making the Special Execution unenforceable.

■ Generally, a judgment is assignable. *See* 46 Am.Jur.2d *Judgments* § 883 (1969). In keeping with this principle, NDCC 28-20-20 provides for the docketing of an assignment "of any judgment rendered or docketed in the court."[1] Lang presented neither precedent nor persuasive explanation for his contrary contention that a judgment of eviction should not be assignable.

■ Lang further argued that Binstock did not file or record a separate written document showing an interest in the property, thus nullifying his assignment. Although Binstock was then in the process of leasing the land from the Bank of Steele, we see no reason to make filing or recording of a separate written document, apart from filing the assignment itself, prerequisite to enforcing an eviction judgment through assignment.

■ The right to oust a stubborn trespasser is one twig in the bundle of property rights. *See* NDCC 33-06-01.[2] Except for

1. NDCC 28-20-20 says:

"*Assignment of judgment to be entered upon the judgment docket.* Every clerk of the district court, upon the presentation of an assignment of any judgment rendered or docketed in the court, signed by the party in whose favor the judgment is rendered, or by the party's executor or administrator, and acknowledged in the manner prescribed by law for the acknowledgment of deeds, shall note the fact of the assignment, the date thereof, and the name of the assignee upon the docket of the judgment. No filing fee may be charged or collected by the clerk of district court for entering an assignment of a judgment. The clerk of the district court of any other county where the judgment is docketed shall note the fact of the assignment, the date thereof, and the name of the assignee, upon the presentation and filing with that clerk of a certified copy of the original judgment docket with the facts of the assignment noted thereon."

2. NDCC 33-06-01 says:

"*When eviction maintainable.* An action of eviction to recover the possession of real estate is maintainable in the proper county court when:

"1. A party, by force, intimidation, fraud, or stealth, has entered upon the prior actual possession of real property of another and detains the same.

"2. A party, after entering peaceably upon real property, turns out by force, threats, or menacing conduct the party in possession.

"3. A party, by force or by menaces and threats of violence, unlawfully holds and keeps the possession of any real property, whether the same was acquired peaceably or otherwise.

"4. A lessee, in person or by subtenant, holds over after the termination of his lease or expiration of his term, or fails to pay his rent for three days after the same shall be due.

"5. A party continues in possession after a sale of the real property under mortgage, execution, order, or any judicial process and after the expiration of the time fixed by law for redemption, or after the execution and delivery of a deed, or after the cancellation and termination of any contract for deed, bond

certain future interests, our law encourages free transfer of property interests "of any kind." *See* NDCC 47–09–02.[3] We conclude that assignment of this eviction judgment was effective.

■■■ Lang argued that the Special Execution to enforce this eviction judgment was invalid because it was issued nearly a year after the judgment. We agree with the trial court that we have "not been presented with any tenable argument to the effect that the failure to execute immediately after the entry of judgment operates to defeat the judgment itself."

We also conclude that this Special Execution satisfactorily complied with NDCC 28–21–06, requiring that an execution "refer intelligibly to the judgment, ..."[4]

Therefore, we affirm the trial court's denial of the motion to set aside the assignment of the eviction judgment and the Special Execution issued to enforce it.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.

---

for deed, or other instrument for the future conveyance of real estate or equity therein.
    "6. A party continues wrongfully in possession after a judgment in partition or after a sale under an order or decree of a county court."

3. NDCC 47–09–02 says:
    "*What may be transferred—Exceptions.*—Property of any kind may be transferred except:
    "1. A mere possibility not coupled with an interest.
    "2. A mere right of reentry or of repossession for breach of a condition subsequent which cannot be transferred to anyone except the owner of the property affected thereby."

4. The relevant part of NDCC 28–21–06 says:
    "*Issuance and contents of execution.* The writ of execution must be issued in the name of the state of North Dakota, attested in the name of the judge of the court that entered the judgment, sealed with the seal of the court, subscribed by the clerk of that court, and directed and delivered to a sheriff as provided in section 28–21–05. It must refer intelligibly to the judgment, stating the date and time the judgment was filed with the clerk, the courts and counties to which the judgment has been transcribed, and the names of the parties."