Ernest LANG, Plaintiff and Appellant,

v.

Anton BINSTOCK, Defendant,

The Bank of Steele, A.J. Barrios, the Sheriff of Burleigh County, and the Bank of North Dakota, Defendants and Appellees.

Civ. No. 910095.

Supreme Court of North Dakota.

Dec. 9, 1991.

Ernest Lang, pro se.

Kent M. Morrow, Asst. Atty. Gen., Bismarck, for defendant and appellee Bank of North Dakota.

Arlen M. Ruff of Kelsch, Kelsch, Ruff & Austin, Mandan, for defendant and appellee Bank of Steele.

Patricia L. Burke, State's Atty., Bismarck, for A.J. Barrios, Deputy Sheriff of Burleigh County.

VANDE WALLE, Justice.

Ernest Lang appealed from judgments and orders dismissing his claims arising out of the foreclosure sale of his real property. We affirm.

Lang sought damages arising out of the 1984 foreclosure sale of his real property conducted by A.J. Barrios as Deputy Sheriff of Burleigh County for the benefit of the Bank of North Dakota. The Bank of North Dakota received a sheriff's certificate at that sale and assigned the certificate to the Bank of Steele, a second mortgagee. The Bank of Steele sold its interest in Lang's property to Anton Binstock, who had Lang evicted from the property in 1987. Lang sued each of these parties, alleging various wrongs and claiming a right to damages and the restoration of his property. The district court issued orders dismissing all of the defendants. Binstock was dismissed upon Lang's motion. Lang's appeal contests the dismissal of the other defendants.

■ The district court dismissed Lang's claim against the Bank of North Dakota (BND) because Lang failed to state a basis for that claim. See NDRCivP 12(b)(v). Lang's complaint included many specific allegations concerning BND, but they related to only two actions by BND. Lang alleged that BND received a sheriff's certificate in a foreclosure sale, and that BND assigned that sheriff's certificate to the Bank of Steele. In *Lang v. Bank of North Dakota,* 377 N.W.2d 575 (N.D.1985), we concluded that because Lang had failed to redeem his real property, or to timely appeal from the order denying Lang's motion to enjoin the sale, the foreclosure was final. We have also reviewed the assignment of the sheriff's certificate and have found no illegality in that transaction. *Bank of Steele v. Lang,* 399 N.W.2d 293 (N.D.1987); *Lang v. Bank of Steele,* 415 N.W.2d 787 (N.D.1987). We have, however, recognized the possibility that Lang stated a claim for the deprivation of a statutory right to re-

purchase the property. *Lang v. Bank of North Dakota,* 423 N.W.2d 501 (N.D.1988). That claim is the subject of a separate lawsuit brought by Lang against BND in district court. Because the BND actions alleged by Lang have been previously found proper, or final, or the subject of pending litigation, the district court properly concluded that Lang's complaint did not set out a new basis for a damage claim against the Bank of North Dakota.

The district court dismissed Lang's claim against Barrios because it was not begun within the applicable statute of limitations. Section 28–01–17, NDCC, requires that an action against a sheriff based on an act done in his official capacity must be commenced within three years after the claim accrues. Lang sued Barrios for his actions during the May 11, 1984, sale of Lang's real property, conducted as Deputy Sheriff of Burleigh County, contrary to section 28–23–07, NDCC. That section requires the sale of real property consisting of known lots or parcels to be sold separately. This, Lang says, Barrios did not do. Assuming, without deciding, that Barrios did not conduct the sale as required by law, the question becomes, at what point Lang could sue Barrios for that failure.

■ In this appeal, Lang argues that he was not injured until he was evicted in May 1987. Violation of a manner-of-sale statute by a sheriff makes the sale voidable and subject to challenge by an interested party. *Lang v. Barrios,* 472 N.W.2d 464 (N.D.1991). A voidable sale of real property must be challenged within the redemption period. *Power v. Larabee,* 3 N.D. 502, 57 N.W. 789 (1894); *see* NDCC § 28–24–02 (one-year redemption period). The injury caused by violating a manner-of-sale statute is the impairment of the former owner's title to the land. This occurs when the sale is conducted and, therefore, an action against the sheriff accrues on that date. Because Lang did not commence his action against Barrios within three years of the sale date, the district court properly dismissed Lang's claim against Barrios.

The district court dismissed Lang's claim against the Bank of Steele when Lang failed to appear at the trial. Lang moved for a new trial, *see* NDRCivP 59; because there was no trial, the district court treated the motion as one for relief from a judgment, *see* NDRCivP 60. The district court denied Lang's motion. The standard of review for an order denying relief from a judgment is whether the district court abused its discretion. *Stoelting v. Stoelting*, 412 N.W.2d 861 (N.D.1987). Lang gave two reasons for failing to appear for the trial: he believed an earlier order by the trial judge meant that the case would be continued pending a decision in his separate lawsuit against the Bank of North Dakota; and, he did not recall receiving notice of the trial. Because the setting of the trial date would have put Lang on notice that this case was proceeding in spite of the pendency of the other action, and Lang did not attempt to prove he did not receive the notice of trial, only that he did not recall receiving that notice, we conclude that the district court did not abuse its discretion when it denied Lang's motion for relief from the judgment dismissing his claim against the Bank of Steele. *See Royal Industries, Inc. v. Haugen*, 409 N.W.2d 636 (N.D.1987) [disregard of legal process by experienced party is not excusable neglect].

The respective judgments and orders dismissing Lang's claims against the Bank of North Dakota, Deputy Sheriff Barrios, and the Bank of Steele are affirmed.

ERICKSTAD, C.J., and VERNON R. PEDERSON, Surrogate Judge, MESCHKE and LEVINE, JJ.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of GIERKE, Justice, disqualified.