Ernest LANG, Plaintiff and Appellant,

v.

The BURLEIGH COUNTY SHERIFF'S DEPARTMENT and the County of Burleigh, Jobbers Moving and Storage Company, and Harry Berg, Defendants and Appellees.

Civ. No. 920144.

Supreme Court of North Dakota.

Feb. 23, 1993.

Ernest Lang, pro se.

Bruce B. Haskell, Asst. State's Atty., Bismarck, for defendant and appellee Burleigh County Sheriff's Dept. and the County of Burleigh.

Lyle W. Kirmis, of Zuger Kirmis & Smith, Bismarck, for defendant and appellee Jobbers Moving and Storage Co.

Dale W. Moench, of Wheeler Wolf, Bismarck, for defendant and appellee Harry Berg.

VANDE WALLE, Chief Justice.

Ernest Lang appealed from district court orders and judgments entered in his conversion action against Harry Berg, Jobbers Moving and Storage Company, the Burleigh County Sheriff's Department, and the County of Burleigh. We affirm.

On May 6, 1987, the county court issued a special execution to the sheriff. It recited that on May 15, 1986, a judgment was docketed that required Lang's eviction from his farm, which had been the subject of a foreclosure action. It commanded the

sheriff to satisfy the judgment out of Lang's personal and real property and required the sheriff to evict Lang, "together with all his personal belongings."

On May 11, 1987, the sheriff served the execution on Lang. The sheriff engaged Jobbers to remove Lang's possessions from the house. When asked where the goods should be delivered, Lang replied that "his possessions should remain in the farm house" and refused to specify a place where they could be delivered. The sheriff, on Lang's behalf, contracted with Jobbers to have Lang's possessions stored in Jobbers' facilities. On May 15, 1987, the sheriff gave Jobbers possession of two guns that had been removed from Lang's house. On June 17, 1987, a deputy sheriff executed a release of the stored property to Lang.

Jobbers sent monthly invoices to Lang through February 1991. After notice to Lang and to the public, Lang's goods were sold at a public auction conducted by Berg at Jobbers' warehouse on May 18, 1991. The proceeds of the sale were applied to Berg's commission and to the unpaid storage charges.

On June 21, 1991, Lang sued Berg, Jobbers, the Burleigh County Sheriff's Department and the County of Burleigh. The trial court granted the defendants' motions for summary judgment of dismissal and judgments were entered accordingly.

On appeal, Lang has raised issues with regard to the trial court's exoneration of the sheriff; the sheriff's authority to put Lang's "possessions into custom storage" and to confiscate Lang's guns; the validity of Jobbers' storage contract; and the validity of the auction of Lang's property.

■ Under § 28–01–17(1), N.D.C.C., an action against a sheriff for liability based on an act done in his official capacity must be brought within three years after the claim for relief accrued. *Lang v. Binstock,* 478 N.W.2d 13 (N.D.1991); *Lang v. Barri-*

os, 472 N.W.2d 464 (N.D.1991). Lang's claim for relief accrued when the sheriff seized Lang's possessions and placed them with Jobbers for removal from the premises and for storage in Jobbers' facilities. We do not agree with Lang's assertion that his damages did not occur until his property was sold on May 18, 1991. "The fact that greater damage was suffered" when Lang's property was sold "does not alter the fact that substantial damage was suffered" when his property was taken, moved and stored on May 11, 1987. *Binstock v. Tschider,* 374 N.W.2d 81, 85 (N.D.1985). Because Lang did not sue within three years from the seizure of his possessions, his claim was barred by the statute of limitations. Therefore, the trial court properly dismissed Lang's claim against the sheriff.

Section 32–12.1–10, N.D.C.C., provides that an action against a political subdivision must be brought within three years after a claim for relief has accrued. Therefore, the statute of limitations has also run on Lang's claim against Burleigh County.

■ Lang contends that Jobbers "did not have a legal contract that would afford them relief under N.D.C.C. 41–07–15 or 41–07–16." When, in carrying out the special execution, the sheriff engaged Jobbers to move and store Lang's goods, "the act when so done has like effect as if done by the party." Rule 70, N.D.R.Civ.P.[1] Thus, the sheriff's hiring of Jobbers was the same as if Lang had hired Jobbers. Jobbers had a valid agreement to move and store Lang's goods.

Jobbers is engaged in the business of moving and storing goods for hire. It is, therefore, a warehouseman, as defined by § 41–07–02 (UCC § 7–102), N.D.C.C. Section 41–07–15 (UCC § 7–209), N.D.C.C., provides a warehouseman with a lien on stored goods for storage or transportation charges and for expenses necessary for their preservation or reasonably incurred in

---

1. Rule 70, N.D.R.Civ.P., provides in part:
    "If a judgment directs a party to execute a conveyance of land or to deliver deeds or other documents or to perform any other specific act and the party fails to comply within the time specified, the court may direct the act to be done at the cost of the disobedient party by some other person appointed by the court and the act when so done has like effect as if done by the party...."

their sale. Section 41–07–16 (UCC § 7–210), N.D.C.C., authorizes a warehouseman to enforce its warehouseman's lien by selling the stored goods if no person with an interest in the goods pays the amount necessary to satisfy the lien.

Jobbers had a valid storage agreement covering Lang's goods and had a lien on the goods for its storage charges. When Lang did not, after notice, pay the amount necessary to satisfy the lien, Jobbers legitimately exercised its right to sell the goods and apply the proceeds to the unpaid storage charges. We conclude that the trial court properly dismissed Lang's claim against Jobbers.

■ Berg conducted a public auction at Jobbers' request on May 18, 1991, and sold Lang's goods that Jobbers had been storing. Lang contends: "Berg had the obligation, in his position, to rely on Lang's representation that Lang's very personal possessions were not 'abandoned' and were not of a merchantable title."

We have already concluded that Jobbers had a lien on Lang's goods, and that Jobbers was entitled to enforce its lien by selling Lang's goods. In auctioning Lang's goods, Berg was acting as Jobbers' agent in enforcing its lien. Lang has not drawn our attention to any fact or authority showing that Berg is entitled to less protection than Jobbers in selling the goods on Jobbers' behalf. Therefore, we conclude that the trial court properly dismissed Lang's claim against Berg.

Affirmed.

MESCHKE and LEVINE, JJ., and RALPH J. ERICKSTAD, Surrogate Judge.

Surrogate Judge RALPH J. ERICKSTAD was Chief Justice at the time this case was heard and served as surrogate judge for this case pursuant to Section 27–17–03, N.D.C.C.

JOHNSON, J., who was a member of the Court when this case was heard, did not participate in this decision.

NEUMANN and SANDSTROM, JJ., not being members of the Court when this case was heard, did not participate in this decision.