Filed 1/5/00 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2000 ND 2

Ernest Lang, Plaintiff and Appellant

v.

Governor Edward T. Schafer, Defendant and Appellee

No. 990117

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Burt L. Riskedahl, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Ernest Lang, Box 176, McKenzie, N.D. 58553.  Pro se.

Douglas A. Bahr, Assistant Attorney General, Attorney General’s Office, 900 E. Boulevard Avenue, Bismarck, N.D. 58505-0041, for defendant and appellee.

Lang v. Schafer

No. 990117

VandeWalle, Chief Justice.

[¶1] Ernest Lang appealed from a judgment dismissing with prejudice his fraud action against Governor Edward Schafer.  Because Lang seeks no money damages from Schafer, we conclude the trial court properly dismissed Lang’s fraud action for failure to state a claim upon which relief can be granted.  We affirm.

[¶2] In October 1998, Lang brought this action, claiming Schafer had committed fraud as defined in N.D.C.C. § 9-03-08(3).  Lang alleged in his complaint Schafer and Banking Commissioner Gary Preszler were at a meeting where Lang “proffered evidence of the unusual, fraudulent procedures that the Bank of Steele had implemented in their creation of funds.”  Lang further alleged, “after viewing the exhibits depicting fraud, both the Banking Commissioner and the Governor have remained completely mute.”  Lang asserted Preszler was guilty of fraud because he has taken no action to address Lang’s “exhibits depicting fraud.”  Lang asserted Schafer is guilty of fraud because the Governor appoints the Banking Commissioner and failed his duty to compel the Banking Commissioner to do his duty.  Lang requested that judgment be entered against Schafer for fraud, but Lang did not specifically request any damages.

[¶3] Schafer moved for judgment of dismissal on the pleadings under N.D.R.Civ.P. 12(b)(i) and (v).  Schafer argued the court lacked subject matter jurisdiction because Lang failed to present written notification of his claim against Schafer to the Office of Management and Budget as required by N.D.C.C. § 32-12.2-04.  Schafer further argued the complaint failed to state a claim upon which relief could be granted because Lang did not plead with particularity the necessary elements constituting fraud.  The trial court agreed with Schafer, and entered judgment dismissing the action with prejudice for lack of subject matter jurisdiction and on the alternative ground of failure to state a claim upon which relief can be granted.

[¶4] The notice-of-claim requirements of N.D.C.C. § 32-12.2-04 implicate a court’s subject matter jurisdiction.  
Earnest v. Garcia
, 1999 ND 196, ¶ 7, 601 N.W.2d 260.  However, the notice requirement applies only to persons “bringing a claim against the state or a state employee for an injury . . . .”  N.D.C.C. § 32-12.2-04(1).  A “claim,” for purposes of the chapter governing claims against the state, is specifically defined as “any claim for money damages . . . .”  N.D.C.C. § 32-12.2-01(1).  Although Schafer was uncertain at the time he made his motion to dismiss in the trial court whether Lang actually sought money damages, it is now clear through subsequent briefing and pleadings that Lang does not seek money damages.  Schafer now concedes, and we conclude, N.D.C.C. § 32-12.2-04 does not apply and the trial court had subject matter jurisdiction in this case.

[¶5] Schafer contends the judgment should be affirmed on the trial court’s alternative ground of failure to state a claim upon which relief can be granted.  Lang argues once the trial court ruled it had no subject matter jurisdiction, the court had no power or authority to further decide and dismiss with prejudice the case on the merits.  Lang asserts his fraud action against Schafer should therefore be remanded for further proceedings.

[¶6] This Court has held that once a trial court determines it does not have personal jurisdiction over a defendant, the court is without the power or authority to rule on the defendant’s alternative motion for dismissal on the merits, and must dismiss the case without prejudice.  
See
 
Western Life Trust v. State
, 536 N.W.2d 709, 712 (N.D. 1995); 
Bickel v. Jackson
, 530 N.W.2d 318, 321 (N.D. 1995); 
Moon v. Moon
, 499 N.W.2d 597, 602 (N.D. 1993); 
Smith v. City of Grand Forks
, 478 N.W.2d 370, 373 (N.D. 1991).  However, the cited cases are distinguishable from this case, because in those cases the courts had no personal jurisdiction to proceed further.  In this case, although the trial court ruled it had no jurisdiction on the mistaken assumption Lang sought money damages from Shafer, Lang has since clarified that he seeks no money damages.  Therefore, the trial court did have subject matter jurisdiction and the power and authority to rule on Schafer’s alternative motion for dismissal under N.D.R.Civ.P. 12(b)(v).

[¶7] A motion for judgment on the pleadings under N.D.R.Civ.P. 12(b)(v) should be granted only if it is disclosed with certainty the impossibility of proving a claim upon which relief can be granted.  
See
 
Johnson & Maxwell, Ltd. v. Lind
, 288 N.W.2d 763, 765 (N.D. 1980).  When reviewing the motion, the court must construe the complaint in the light most favorable to the plaintiff and the allegations of the complaint must be taken as true.  
See
 
Lang v. Bank of Steele
, 415 N.W.2d 787, 790 (N.D. 1987).

[¶8] Lang does not seek money damages or claim any type of injury resulted from Schafer’s alleged fraudulent act.  Rather, Lang seeks only “a ‘sigh of relief’ that he would express with a court[’]s finding that, by remaining mute, the governor has suppressed his knowledge of the fraud that the Bank of Steele has committed.”  However, in North Dakota proof of actual damage proximately caused by a misrepresentation or nondisclosure is an essential element of a tort action for fraud and deceit.  
See
 
Schneider v. Schaaf
, 1999 ND 235, ¶ 16; 
Eckmann v. Northwestern Federal Sav. & Loan Ass’n
, 436 N.W.2d 258, 260 (N.D. 1989); 
Olson v. Fraase
, 421 N.W.2d 820, 827 (N.D. 1988).  A fraud or deceit which has caused no injury cannot be made the basis for an action, because courts do not “‘sit for the purpose of enforcing moral obligations or correcting unconscientious acts which are followed by no loss or injury.’”  
Sonnesyn v. Akin
, 14 N.D. 248, 256, 104 N.W. 1026, 1028 (1905) (citation omitted).  The relief sought by Lang in this case is tantamount to an advisory opinion, which courts cannot render.  
See
 
Nord v. Herrman
, 1998 ND 91, ¶ 12, 577 N.W.2d 782.

[¶9] Viewing the complaint in the light most favorable to Lang, we conclude the trial court properly dismissed his action with prejudice for failure to state a claim upon which relief can be granted, because Lang failed to allege an element essential to sustain his fraud action.

[¶10] The judgment is affirmed.

[¶11] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Mary Muehlen Maring

Ronald L. Hilden, D.J.

Gordon O. Hoberg, S.J.

[¶12] Ronald L. Hilden, D. J., and Gordon O. Hoberg, S. J., sitting in place of Neumann, J., and Kapsner, J., disqualified.