2001 ND APP 2

Ernest LANG, Plaintiff and Appellant,

v.

STATE of North Dakota; Gary Preszler, State Banking Commissioner; Governor Edward Schafer; District Judge Benny Graff; District Judge Burt Riskedahl; Supreme Court Judges, Gerald W. VandeWalle, Mary Muehlen Maring, Carol Ronning Kapsner, Dale V. Sandstrom, Defendants and Appellees.

No. 20000223CA.

Court of Appeals of North Dakota.

Jan. 17, 2001.

Ernest Lang, McKenzie, ND, pro se.

Douglas Alan Bahr, Assistant Attorney General, Bismarck, ND, for defendants and appellees.

PER CURIAM.

[¶ 1] Ernest Lang has appealed a judgment entered in district court on May 30, 2000, "including but not limited to all preliminary orders, notices, judgments, and determinations previously and subsequently made," in his action against the State of North Dakota; Gary Preszler, State Banking Commissioner; Governor Edward Schafer; District Judge Benny Graff; District Judge Burt Riskedahl; Chief Justice Gerald W. VandeWalle; Justice Mary Muehlen Maring; Justice Carol Ronning Kapsner; and Justice Dale V. Sandstrom. We affirm.

[¶ 2] This appeal is an outgrowth of Lang's default on a note and the foreclosure of a mortgage. *See Lang v. Schafer,* 2000 ND 2, 603 N.W.2d 904; *Lang v. Bank of North Dakota,* 530 N.W.2d 352 (N.D. 1995); *Lang v. Binstock,* Docket No. Civ. 900334, unpublished slip op., 1991 WL 574979 (N.D., Feb. 21, 1991); *Lang v. Barrios,* Docket No. Civ. 930196, unpublished slip op., 1993 WL 477934 (N.D., Nov. 10, 1993); *Lang v. Burleigh County Sheriff's Dep't,* 496 N.W.2d 24 (N.D.1993); *Lang v. Binstock,* 478 N.W.2d 13 (N.D.1991); *Lang v. Barrios,* 472 N.W.2d 464 (N.D.1991); *Lang v. Bank of North Dakota,* 453 N.W.2d 118 (N.D.1990); *Lang v. Bank of Steele,* Docket No. Civ. 890141, unpublished slip op., 1989 WL 158205 (N.D., Nov. 20, 1989); *Lang v. Molbert,* 442 N.W.2d 447 (N.D.1989); *Bank of Steele v. Lang,* 441 N.W.2d 648 (N.D.1989); *Bank of Steele v. Lang,* 423 N.W.2d 504 (N.D. 1988); *Lang v. Bank of North Dakota,* 423 N.W.2d 501 (N.D.1988); *Lang v. Bank of Steele,* 415 N.W.2d 787 (N.D.1987); *Lang v. Sheriff of Burleigh County,* 408 N.W.2d 742 (N.D.1987); *Bank of Steele v. Lang,* 399 N.W.2d 293 (N.D.1987); *Lang v. Bank of North Dakota,* 377 N.W.2d 575 (N.D. 1985); and *Lang v. Glaser,* 359 N.W.2d 884 (N.D.1985). *See also Lang v. Binstock,* 2001 ND App 1, 622 N.W.2d 241.[1]

[¶ 3] By complaint of March 27, 2000, Lang brought this action against the State and the named officials. Lang generally alleged:

> That a conspiracy of silent neglect exists because the foregoing above named personnel of the state of North Dakota have ignored their legal obligation by choosing not to act on the evidence of fraud that was proffered to them.

In his first three causes of action, Lang alleged the State, Commissioner Preszler, and Governor Schafer, respectively, engaged in a "conspiracy of silent neglect in the cover-up of fraud that the Bank of Steele has committed." In his fourth cause of action, Lang alleged Judge Graff became "a party to the conspiracy of silent neglect" by dismissing a motion and canceling a hearing. In his fifth cause of action, Lang alleged Judge Riskedahl "became a party in the conspiracy of silent neglect" by failing to act on a motion. In a sixth cause of action, Lang alleged Chief Justice VandeWalle, Justice Maring, Justice Kapsner, and Justice Sandstrom issued an order denying a petition for a writ of mandamus "without giving a reason for the denial as is required by Art. VI Sec. V of the North Dakota Constitution,"[2] which "puts each of the named Supreme Court Judges into the position of being a party in the conspiracy of silent neglect."

---

1. The volume of litigation about Lang's default on a note and the foreclosure of a mortgage calls to mind Justice Story's observation that "it is for the public interest and policy to make an end to litigation, . . . that suits may not be immortal, while men are mortal." *Ocean Ins. Co. v. Fields,* 18 Fed. Cas. 532, 539 (C.C.D.Mass.1841), quoted in *City of Wahpeton v. Drake–Henne, Inc.,* 228 N.W.2d 324, 331 (N.D.1975).

2. North Dakota Const. art. VI, § 5, provides, in part: "When a judgment or order is reversed, modified, or confirmed by the supreme court, the reasons shall be concisely stated in writing." The provision does not similarly specify that the supreme court must state in writing the reasons for denying a petition for a writ.

[¶ 4] Lang served the complaint on the State, but not on the individual officials named as defendants. The State moved for dismissal under N.D.R.Civ.P. 12. After a hearing, the district court determined the complaint in this action and the complaint in *Lang v. Schafer*, 2000 ND 2, 603 N.W.2d 904, "concern the same core of operative facts" and ruled "[t]he doctrine of res judicata bars Causes of Action 1, 2, and 3." The court ruled the first three causes of action alleged by Lang were also barred by N.D.C.C. § 32–12.2–03(3)(b) (no liability for claims based upon a decision to perform or a failure to perform a discretionary function by the state or its employees). The district court ruled the fourth, fifth, and sixth causes of action alleged by Lang were barred by absolute judicial immunity.

[¶ 5] A judgment of dismissal was entered on May 30, 2000. A judgment of injunction was also entered on May 30, 2000, enjoining Lang from serving or filing legal process in any North Dakota court in connection with any foreclosure, sale, or property "which are the subject of Burleigh County District Court actions 34938 or 36266 unless or until Ernest Lang ... first obtains specific permission from this court for the filing and service of such ... legal process." [3] Lang appealed, raising a number of issues.

[¶ 6] Res judicata, or claim preclusion, prohibits relitigation of claims or issues that were raised or could have been raised in a prior action between the same parties or their privies, and which were resolved by final judgment in a court of competent jurisdiction. *Ohio Cas. Ins. Co. v. Clark*, 1998 ND 153, ¶ 23, 583 N.W.2d 377. Collateral estoppel, or issue preclusion, generally prohibits relitigation in a second action based on a different claim, of issues of fact or law which were, or must have been, determined in the prior suit. *Id.* The doctrines promote the finality of judgments and efficiency. *Id.* Res judicata

applies even if a subsequent claim is based on a different legal theory. *Id.*

[¶ 7] The State and its employees generally enjoy immunity from liability for discretionary acts. *See Bulman v. Hulstrand Constr. Co.*, 521 N.W.2d 632, 640 (N.D.1994); N.D.C.C. § 32–12.2–02(3)(b). A judge acting within his or her jurisdiction is immune from liability for damages. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Perry Center, Inc. v. Heitkamp*, 1998 ND 78, ¶ 21, 576 N.W.2d 505; *Loran v. Iszler*, 373 N.W.2d 870, 874 (N.D.1985).

[¶ 8] "On appeal, the trial court is presumed to have acted correctly," *State v. Ash*, 526 N.W.2d 473, 483 (N.D. 1995), and "the appellant bears the burden of showing error," *L.C. v. R.P.*, 1997 ND 96, ¶ 18, 563 N.W.2d 799. In light of the doctrine of res judicata, and our immunity legislation and jurisprudence, Lang had a heavy burden to bear in this appeal. "Generally, issues not adequately briefed or argued on appeal will not be considered." *First State Bank v. Moen Enterprises*, 529 N.W.2d 887, 893 (N.D.1995). Without citations to relevant authority or supportive reasoning, an argument is without merit. *Friedt v. Moseanko*, 484 N.W.2d 861, 863 (N.D.1992). Lang's arguments in this appeal were not supported by citations to relevant authorities or accompanied by any supportive reasoning. Lang's arguments are, therefore, without merit. *In re J.A.G.*, 552 N.W.2d 317, 324 (N.D.1996); *Hodek v. Greater Nelson County Consortium*, 520 N.W.2d 825, 829 (N.D.1994).

[¶ 9] Affirmed.

[¶ 10] JAMES H. O'KEEFE, S.J., Chief Judge, GORDON O. HOBERG, S.J., DAVID W. NELSON, D.J., concur.

---

**3.** The "open court" provision of N.D. Const. art. I, § 9, does not confer an absolute right of access to state courts, and access to the courts may be limited by narrowly tailored injunctive relief. *Federal Land Bank v. Ziebarth*, 520 N.W.2d 51, 56 (N.D.1994).