2001 ND APP 1

**Ernest LANG, Plaintiff and Appellant,**

v.

**Rodney BINSTOCK, Defendant and Appellee.**

**No. 990345CA.**

Court of Appeals of North Dakota.

Jan. 17, 2001.

Ernest Lang, pro se, McKenzie, ND.

Lawrence R. Klemin, Bucklin, Klemin & McBride, Bismarck, ND, for defendant and appellee.

PER CURIAM.

[¶ 1] Ernest Lang appealed from a summary judgment dismissing his action against Rodney Binstock for conversion of personal property. We affirm the judgment and remand for an award of attorney fees for this appeal.

[¶ 2] In 1984, the Bank of North Dakota foreclosed its mortgage on Lang's farm, and Lang was evicted from the property in 1987. Rodney Binstock's grandfather, Anton Binstock, acquired the property, and between 1987 and 1994 Rodney Binstock purchased various parcels of the property. In 1998, Lang commenced this action against Rodney Binstock, alleging conversion of various items of personal property Lang had left on the property when he was evicted in 1987.

[¶ 3] The district court granted Binstock's motion for summary judgment of dismissal, concluding Lang's claim was barred by the statute of limitations, laches, waiver, estoppel, and abandonment. The court further concluded Lang's claim was "absolutely frivolous" and awarded costs and attorney fees under N.D.C.C. § 28–26–01(2) in the amount of $3,822. Judgment of dismissal was entered, and Lang appealed.

[¶ 4] We agree with the district court's characterization of Lang's claim as "absolutely frivolous," and we affirm the judgment under N.D.R.App.P. 35.1(a)(1) and (6). We further determine Lang's appeal is frivolous, warranting an award of attorney fees for the appeal under N.D.R.App.P. 38. We therefore remand to the district court for a determination of reasonable attorney fees for this appeal. *See Medd v. Fonder*, 543 N.W.2d 483, 488 (N.D.1996).

[¶ 5] Finally, we feel compelled to address Lang's continued, vexatious abuse of process. Lang's continued attempts to litigate and relitigate frivolous claims relating to the 1984 foreclosure and 1987 eviction have created undue burdens upon opposing parties, including Binstock, and upon the judicial system. Including this case and another pending appeal, Lang has brought no less than twenty separate appeals involving or related to the loss of his farm more than a decade ago.[1] We note that, in a related case, the district court has issued an injunction prohibiting Lang from filing or serving any further action or legal process in any state court relating to the property at issue without prior approval of the court. *See Lang v. State*, 2001 ND App 2. That injunction would restrict any further action relating to this property by Lang against Rodney Binstock without prior court approval.

[¶ 6] The judgment dismissing Lang's claim is affirmed, and the case is remanded for an award of Rodney Binstock's reasonable attorney fees for this appeal.

[¶ 7] JAMES H. O'KEEFE, S.J., C.J., and GORDON O. HOBERG, S.J., and DAVID W. NELSON, D.J., concur.

---

1. *See Lang v. Schafer*, 2000 ND 2, 603 N.W.2d 904; *Lang v. Bank of North Dakota*, 530 N.W.2d 352 (N.D.1995); *Lang v. Barrios*, 509 N.W.2d 273 (N.D.1993); *Lang v. Burleigh County Sheriff's Department*, 496 N.W.2d 24 (N.D.1993); *Lang v. Binstock*, 478 N.W.2d 13 (N.D.1991); *Lang v. Barrios*, 472 N.W.2d 464 (N.D.1991); *Lang v. Binstock*, 516 N.W.2d 300 (N.D.1991); *Lang v. Bank of North Dakota*, 453 N.W.2d 118 (N.D.1990); *Lang v. Bank of Steele*, 449 N.W.2d 826 (N.D.1989); *Bank of Steele v. Lang*, 441 N.W.2d 648 (N.D.1989); *Lang v. Molbert*, 442 N.W.2d 447 (N.D.1989); *Bank of Steele v. Lang*, 423 N.W.2d 504 (N.D. 1988); *Lang v. Bank of North Dakota*, 423 N.W.2d 501 (N.D.1988); *Lang v. Bank of Steele*, 415 N.W.2d 787 (N.D.1987); *Lang v. Sheriff of Burleigh County*, 408 N.W.2d 742 (N.D.1987); *Bank of Steele v. Lang*, 399 N.W.2d 293 (N.D.1987); *Lang v. Bank of North Dakota*, 377 N.W.2d 575 (N.D.1985); *Lang v. Glaser*, 359 N.W.2d 884 (N.D.1985).