Filed 11/21/16 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2016 ND 216

Gary Stibbe, Plaintiff and Appellant

v.

Leann Haven and/or David Haven and/or 

Micah Haven or Jenna Lee Haven, and/or 

Yvonne and/or Thomas Halstenson and/or 

Jon Halstenson and/or Erica Johnson or 

Jessie L. Johnson, and/or Darla J.S. Wallace 

and/or Lloyd Wallace, Defendants and Appellees

No. 20150339

Appeals from the District Court of Cass County, East Central Judicial District, the Honorable Susan Lynne Bailey, Judge.

AFFIRMED.

Per Curiam.

Gary Stibbe, self-represented, General Delivery, Desert Center, California 92239, plaintiff and appellant; on brief.

C. Nicholas Vogel, 218 NP Avenue, P.O. Box 1389, Fargo, N.D. 58107-1389, for defendants and appellees; on brief.

Stibbe v. Haven

No. 20150339

 

Per Curiam.

[¶1] Gary Stibbe appeals from a district court order dismissing his claims with prejudice.  Stibbe argues the signature on his father’s will is forged.  We summarily affirm under N.D.R.App.P. 35.1(a)(1).

[¶2] Stibbe also appeals from a district court order enjoining him from filing or serving in North Dakota any complaint, motion, or legal process against any person or entity in this state without first either (1) obtaining prior approval from an active North Dakota judge to bring such action or (2) obtaining the services of a practicing North Dakota attorney who is subject to the Rules of Professional Responsibility to handle the legal proceedings on behalf of Stibbe.  We conclude the district court did not abuse its discretion.  
Lang v. Binstock
, 2001 ND App 1, ¶ 5, 622 N.W.2d 241; 
Holkesvig v. Welte
, 2012 ND 142, ¶ 6, 818 N.W.2d 760.  We summarily affirm under N.D.R.App.P. 35.1(a)(4).

[¶3] Stibbe may not file or serve in North Dakota any complaint, motion, or legal process against any person or entity in this state without first either (1) obtaining prior approval from an active North Dakota judge to bring such action or (2) obtaining the services of a practicing North Dakota attorney who is subject to the Rules of Professional Responsibility to handle the legal proceedings on behalf of Stibbe.  No defendant named in any proceeding brought by or on behalf of Stibbe need respond to any such proceeding until Stibbe first establishes in a court proceeding that he has complied with the requirements of this order.

[¶4] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Lisa Fair McEvers

Thomas E. Merrick, D.J.

[¶5] The Honorable Thomas E. Merrick, D.J., sitting in place of Kapsner, J., disqualified.