**Delores FRIEDT, Plaintiff and Appellee,**

**v.**

**James MOSEANKO, Defendant and Appellant.**

**Civ. No. 890385.**

Supreme Court of North Dakota.

Aug. 9, 1990.

McGee, Hankla, Backes & Wheeler, Ltd., Minot, for plaintiff and appellee; argued by Lolita G. Romanick.

James Moseanko, Butte, pro se.

ERICKSTAD, Chief Justice.

James Moseanko has appealed from a default judgment entered in the district court as a discovery sanction against him in Delores Friedt's action to collect money due on a promissory note. We affirm.

On November 25, 1988, Friedt commenced an action against Moseanko to collect money asserted to be due on a promissory note. The district court ordered summary judgment in favor of Friedt. After judgment was entered, Moseanko filed a motion for reconsideration and to vacate the judgment. On April 17, 1989, the trial court ordered the summary judgment set aside.

After Moseanko had three times failed to appear for depositions scheduled by Friedt, the trial court ruled on Friedt's August 30, 1989, motion for sanctions at a hearing on October 9, 1989:

> "The sanctions that are requested fall under the provisions of Rule [37](b) and (d). I am going to grant the motion under Rule 37(b) Failure to Comply With Order of the Court and (d) Failure of Party to Attend at Own Deposition. I am going to order the pleadings stricken and render a judgment by default against the disobedient party, Mr. Moseanko, and I find he was disobedient for failing to attend his deposition after being served with a proper notice of the plaintiff."

Default judgment was accordingly entered in favor of Friedt on October 25, 1989.

■ Moseanko appealed "all the orders, memorandums and Judgments entered into the above-entitled proceeding, in their entirety." While Moseanko has raised a number of issues on appeal, we deem it necessary to address only the dispositive issue of whether or not the trial court abused its discretion in ordering a default judgment against Moseanko as a discovery sanction under Rule 37, N.D.R.Civ.P., which provides in part:

> "(b) *Failure to Comply With Order.*
>
> \* \* \* \* \* \*
>
> "(2) *Sanctions by Court in Which Action Is Pending.* If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure that are just, and among others the following:
>
> \* \* \* \* \* \*

> "(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
> \* \* \* \* \* \*
>
> "(d) *Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.* If a party ... fails:
>
> "(1) to appear before the officer who is to take the deposition, after being served with a proper notice;
>
> \* \* \* \* \* \*
>
> "the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B) and (C) of subdivision (b)(2)....
>
> "The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c)."

■ Rule 37 provides trial courts with a broad spectrum of sanctions to impose for abuse of the discovery rules and any sanctions imposed will not be set aside on appeal unless the trial court abused its discretion. *See, e.g., Vorachek v. Citizens State Bank,* 421 N.W.2d 45 (N.D.1988); *Dakota Bank & Trust Co. v. Brakke,* 377 N.W.2d 553 (N.D.1985); *Thompson v. Ziebarth,* 334 N.W.2d 192 (N.D.1983). "If a party does not appear for a properly noticed deposition, ..., the court may impose sanctions directly without first issuing an order to compel discovery." *Dakota Bank & Trust Co. v. Brakke, supra,* 377 N.W.2d at 555–556. The burden is on Moseanko to show that "in the light of the information available to the trial court ..., it acted arbitrarily, unreasonably or unconscionably." *St. Aubbin v. Nelson,* 329 N.W.2d 874, 877 (N.D.1983).

"... Although the law favors resolution of disputes on the merits, that consideration must be balanced against the need

to deter discovery abuses, promote efficient litigation, and protect the interests of all litigants. Therefore, the most severe sanctions must be available, not only to penalize those whose conduct is deemed to warrant those sanctions, but also to deter those who might be tempted to abuse the discovery process."

*Vorachek v. Citizens State Bank, supra,* 421 N.W.2d at 51. A valid objection to discovery may be waived by failure to timely file objections and "failure to move for a protective order prior to the date set for discovery will ordinarily preclude a later objection." *Id.,* at 52.

On April 26, 1989, Friedt's attorney served Moseanko with a notice to take Moseanko's oral deposition at 1:30 p.m. on May 18, 1989, in the offices of Friedt's attorney. Moseanko did not appear for the deposition. In a "response" dated May 17, 1989, which was filed on May 18, Moseanko said, "[i]t is a very and most critical time of the year for me to be pulled away from my spring planting" and requested "meeting in a place of more neutral grounds."

On May 30, 1989, Friedt's attorney served Moseanko with a notice to take Moseanko's oral deposition at 1:30 p.m. on June 13, 1989, in the chambers of District Judge Jon R. Kerian in Minot. Moseanko again did not appear for the deposition. In a "response" dated June 14, 1989, which was filed on June 15, Moseanko again referred to the "critical time of the year," asserted that meeting in the chambers of Judge Kerian "is very questionable of being a place of more neutral ground," and said he was "researching subject material."

At a hearing on August 16, 1989, the district court ordered Moseanko to attend if he subsequently received notice for a deposition:

"I am telling you, if you get a notice for a deposition, assuming it is properly served upon you, you should be there. The next time there will be sanctions. It will not necessarily be money. There are other provisions for other sanctions in our Rules."

On August 17, 1989, Friedt's attorney served Moseanko with a notice to take Moseanko's oral deposition and to produce documents at that deposition at 2 p.m. on August 23, 1989, in the offices of Friedt's attorney. Once again, Moseanko did not appear. Friedt's attorney stated in an affidavit that on this occasion:

"At approximately 11:30 a.m. a phone call was received by Plaintiff's attorneys' office indicating Defendant would not be attending his deposition and would be unreachable since he would be 'on the road'. Written documents were not received until 4:30 p.m., two and one-half (2½) hours after the time scheduled for the third deposition."

Moseanko repeatedly failed to attend properly noticed depositions, without timely prior objection, notification, or justification, even after being ordered by the district court to attend any subsequent deposition for which he was properly served with notice. Moseanko provided tardy "responses" to the notices to take his oral deposition and failed to seek any protective orders in advance of his failure to appear for any of the three scheduled depositions. Under these circumstances, we are unable to conclude that the district court acted arbitrarily, unreasonably, or unconscionably in ordering default judgment against Moseanko as a sanction for Moseanko's abuse of the discovery process. The district court, therefore, did not abuse its discretion.

Affirmed.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.