Delores FRIEDT, Plaintiff and Appellee,

v.

James MOSEANKO d/b/a Prairie Hills Dairy, Defendant and Appellant,

v.

SCHULTZ CREAMERY, Garnishee,

v.

Deborah MOSEANKO and Sam Zarek, Third–Party Defendants,

and

Farmers Home Administration, Third–Party Defendant and Appellee.

Delores FRIEDT, Plaintiff and Appellee,

v.

James MOSEANKO d/b/a Prairie Hills Dairy, Defendant,

v.

SCHULTZ CREAMERY, Garnishee,

v.

Deborah MOSEANKO, Third–Party Defendant and Appellant,

and

Farmers Home Administration, Third–Party Defendant and Appellee,

and

Sam Zarek, Third–Party Defendant.

Civ. Nos. 910294, 910254.

Supreme Court of North Dakota.

May 12, 1992.

Lolita G. Romanick, of McGee, Hankla, Backes & Wheeler, Ltd., Minot, for plaintiff and appellee Delores Friedt.

James Moseanko, Butte, pro se.

Deborah Moseanko, Butte, pro se.

Clare R. Hochhalter (appearance), Asst. U.S. Atty., U.S. Attorney's Office, Bismarck, for third-party defendant and appellee Farmers Home Admin.

VANDE WALLE, Justice.

Deborah Moseanko and James Moseanko have separately appealed from the district court's authorization of garnishment of the proceeds of their dairy operation's milk production for application toward satisfaction of a judgment in favor of Delores Friedt. The proceeds are held by Schultz Creamery, subject to a security interest of Farmers Home Administration. The district court also denied the Moseankos's motions to dismiss the garnishments, to reopen the case and dismiss the underlying default judgment, and for production of documents. We affirm.

Friedt sued James Moseanko in 1988 to collect money asserted to be due on a promissory note. "After Moseanko had three times failed to appear for depositions

scheduled by Friedt" [*Friedt v. Moseanko*, 459 N.W.2d 240, 241 (N.D.1990)], the district court granted default judgment in favor of Friedt as a discovery sanction pursuant to Rule 37(b), (d), N.D.R.Civ.P. We affirmed, after observing:

"Moseanko repeatedly failed to attend properly noticed depositions, without timely prior objection, notification, or justification, even after being ordered by the district court to attend any subsequent deposition for which he was properly served with notice. Moseanko provided tardy 'responses' to the notices to take his oral deposition and failed to seek any protective orders in advance of his failure to appear for any of the three scheduled depositions."

*Friedt v. Moseanko*, at 242. The instant appeals arose out of garnishment proceedings [1] brought to enforce the judgment affirmed in that decision.

James Moseanko has raised the following issues in his appeal (Civ. No. 910254):

"*FIRST ISSUE:*

"THE 60B MOTION HAS BEEN FILED TIMELY.

"*SECOND ISSUE:*

"THE NOTE FOR COLLECTIONS IS PAST THE STATU[T]E OF LIMITATIONS.

"*THIRD ISSUE:*

"THE DOCUMENT HAS BEEN ALTERED UPON IT[S] FACE.

"*FOURTH ISSUE:*

"THE POWER OF ATTORNEY OF PLAINTIFF IS INADEQUATE AND NOT A LEGAL DOCUMENT.

"*FIFTH ISSUE:*

"THE PLAINTIFF/APPELLEE CAN NOT COME INTO THIS COURT WITH CLEAN HANDS.

"*SIXTH ISSUE:*

"THE PLAINTIFF/APPELLE[E] HAS NOT PRODUCED WHAT CONSIDERATION WAS GIVEN FOR THIS NOTE."

1. Moseankos did not claim any exemptions.

Deborah Moseanko has raised the following issues in her appeal[2] (Civ. No. 910294):

*"FIRST ISSUE:*

"THE SHERIFF [OF] BURLEIGH COUNTY CONFISCATED FUNDS WITHOUT AN EXECUTION.

*"SECOND ISSUE:*

"THE PLAINTIFF FAILED TO HAVE A STIPULATED ORDER SIGNED BY AN[Y] JUDGE OR CLERK OF DISTRICT OF COURT.

*"THIRD ISSUE:*

"THE DEFENDANT/APPELLANT DEBORAH, IS A LEGAL OWNER OF PRAIRIE HILLS DIARY (sic).

*"FOURTH ISSUE:*

"THE DISTRICT COURT LACKED JURISDICTION ON A FEDERAL INSTRUMENTALITY TO RULE ON THEIR SO CALLED SECURITY AGREEMENT.

*"FIFTH ISSUE:*

"THE DEFENDANT/APPELLANT DEBORAH MOSE[A]NKO IS NOT RESPONSIBLE FOR JAMES MOSEANKO DEBT."

James Moseanko attempted to raise a number of additional issues in a reply brief. However, a "reply brief must be confined to new matter raised in the brief of the appellee." Rule 28(c), N.D.R.App.P. We will, therefore, not consider the additional issues attempted to be raised in the reply brief.

We can not appropriately deal with the issues that are raised in these appeals. The Moseankos's present difficulties are rooted in James's repeated failure to attend depositions, which resulted in the entry of a default judgment in favor of Friedt as a sanction for James's abuse of the discovery process, and the Moseankos's subsequent unsuccessful attempt to secure relief under Rule 60(b), N.D.R.Civ.P. We cannot conclude that the trial court abused its discretion in refusing to vacate the judgment entered as a sanction for James Moseankos's repeated and unjustified violation of the rules governing discovery procedures. *See Friedt v. Moseanko, supra; First Nat'l Bank of Crosby v. Bjorgen*, 389 N.W.2d 789 (N.D.1986) [Enumerations of several relevant factors a court may consider when exercising its discretion to vacate a judgment].

The remaining issues they now raise are without merit. The Moseankos have not provided us with any citations to relevant authority in support of their arguments. Furthermore, in neither appeal have we been presented with any supportive reasoning to buttress the Moseankos's arguments. With neither citations to relevant authority, nor any supportive reasoning to buttress their assertions, the Moseankos's arguments are without merit. *See, e.g., First State Bank v. Thykeson*, 361 N.W.2d 613 (N.D.1985), and *First Federal S & L Ass'n v. Compass Investments, Inc.*, 342 N.W.2d 214 (N.D.1983).

Affirmed.

ERICKSTAD, C.J., LEVINE and MESCHKE, JJ., and BACKES, District Judge, concur.

BACKES, District Judge, sitting as a member of the Court to fill the vacancy created by the resignation of H.F. GIERKE III, J.

JOHNSON, J., not being a member of this Court at the time this case was heard, did not participate in this decision.

---

**2.** The initial brief in Civil Number 910294 was signed by both Deborah and James Moseanko, unlike that in Civil Number 910254, which was signed only by James Moseanko.