**TIMMERMAN LEASING, INC.,**
**Plaintiff and Appellant,**

v.

**Milan D. CHRISTIANSON, Defendant**
**and Appellee.**

Civ. No. 940107.

Supreme Court of North Dakota.

Dec. 20, 1994.

Gary S. Gronneberg, Fargo, for plaintiff and appellant.

Craig M. Richie, Richie & Associates, Fargo, for defendant and appellee.

VANDE WALLE, Chief Justice.

■ Timmerman Leasing, Inc. (Timmerman) appealed from a summary judgment [1]

---

1. The court actually dismissed the case by an order, and no formal judgment was entered. Although an order granting summary judgment or an order of dismissal is generally not appealable, we will treat it as an appealable final order under Section 28–27–02, N.D.C.C., when, as in this case, it was obviously intended to be final.

See *Sime v. Tvenge Associates Architects & Planners, P.C.,* 488 N.W.2d 606 (N.D.1992). However, we urge trial courts to more closely follow the rules and, when dismissing an action on a motion for summary judgment, employ the appropriate procedure of entering an order for judg-

dismissing its action against Milan Christianson for recovery on a personal guaranty. We affirm.

Timmerman leased a telephone system to Premier Premiums, Inc. When Premier Premiums defaulted on the lease, Timmerman attempted to collect on a personal guaranty purportedly signed by Christianson. Christianson informed Timmerman that he had no connection with Premier Premiums and that the signature on the personal guaranty was a forgery. Nevertheless, and apparently without further investigation, Timmerman brought this action against Christianson to collect on the guaranty.

Timmerman's entire case is premised upon the personal guaranty, which purports on its face to make Christianson liable for payment of the breached lease. The document bears a "signature" purporting to be Christianson's. Mike Briese, who was an employee of Timmerman, signed the document as a witness.

In June 1993, Christianson's counsel scheduled a video deposition of any designated officer or employee of Timmerman who had witnessed Christianson's signature, or who had other information or documents pertaining to the case. Neither its counsel nor any other representative appeared for Timmerman at the scheduled time.

Seeking to file discovery motions, Christianson repeatedly requested that Timmerman file the action in district court. Christianson eventually filed the action himself, and served a motion to compel discovery and for sanctions on August 31, 1993. This motion was heard on September 13, 1993. Timmerman failed to respond to the motion and neither its counsel nor any other Timmerman representative appeared at the hearing. The court ordered that Timmerman appear, through a designated officer or employee, for a deposition within fourteen days. The court also ordered Timmerman to pay costs and attorney's fees of $814 as a sanction for failing to attend the deposition and for necessitating the motion.

Pursuant to the court's order, Christianson noticed a deposition of Timmerman for October 1, 1993. No representative appeared for Timmerman. Christianson again moved for an order compelling discovery and for sanctions, and also moved for summary judgment. The court, upon Timmerman's assertion that it wished to dismiss the action without prejudice, ordered that Timmerman be allowed to dismiss without prejudice, conditioned upon Timmerman paying the previously ordered costs and fees.

When Timmerman did not promptly pay the sanctions or dismiss the action, Christianson served a second motion for summary judgment, supported by Christianson's affidavit stating that he did not sign the guaranty. Timmerman responded with an affidavit of counsel stating in a conclusory fashion that the document itself raises an issue of fact about authenticity of the signature. The court concluded that there was no genuine issue of material fact and ordered the action dismissed.

■ Timmerman asserts that the court erred in granting summary judgment because there was a genuine issue of material fact about the authenticity of the signature on the guaranty.

■ Summary judgment under Rule 56, N.D.R.Civ.P., is a procedural device for promptly and expeditiously disposing of a controversy without a trial if there is no genuine issue of material fact, or if the law is such that resolution of the factual disputes will not alter the result. *A & H Services, Inc. v. City of Wahpeton*, 514 N.W.2d 855 (N.D.1994). We outlined the duty of a party opposing a summary judgment motion that has been properly made and supported in *Peterson v. Zerr*, 477 N.W.2d 230, 234 (N.D. 1991) (citations omitted):

"Although the party seeking summary judgment has the burden of showing that there is no genuine issue of material fact, the party resisting the motion may not simply rely upon the pleadings. . . . Nor may the opposing party rely upon unsupported, conclusory allegations. . . . The resisting party must present competent admissible evidence by affidavit or other

ment and a formal judgment. See Rule 56, N.D.R.Civ.P.

comparable means which raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record by setting out the page and line in depositions or other comparable documents containing testimony or evidence raising an issue of material fact....

"In summary judgment proceedings, neither the trial court nor the appellate court has any obligation, duty, or responsibility to search the record for evidence opposing the motion for summary judgment.... The opposing party must also explain the connection between the factual assertions and the legal theories in the case, and cannot leave to the court the chore of divining what facts are relevant or why facts are relevant, let alone material, to the claim for relief."

 Once the moving party has properly supported its motion, the burden shifts to the opposing party to set forth specific facts which raise reasonable inferences on disputed issues of fact. *Berg v. Lien,* 522 N.W.2d 455 (N.D.1994); *Larson v. Baer,* 418 N.W.2d 282 (N.D.1988). Timmerman failed to meet its burden of demonstrating, through competent evidence, that there is a genuine issue of material fact. Timmerman's response to the motion was essentially that the document speaks for itself and serves as evidence of the authenticity of Christianson's signature. However, Timmerman cites no authority for its novel assertion that the signature is self-authenticating. Timmerman does cite Section 41–03–37, N.D.C.C.,[2] and Rule 902(9), N.D.R.Evid., which create a presumption of authenticity of signatures on negotiable instruments, and *State v. Nagel,* 75 N.D. 495, 28 N.W.2d 665 (1947), which relied upon a since-superseded statute to take judicial notice of the authenticity of a public official's signature on a birth certificate. However, Timmerman cites no statute or rule which provides that a signature on an ordinary contract of guaranty is presumed to be authentic. Furthermore, Section 31–08–02, N.D.C.C., clarifies that the signature is not authenticated by the signature of a subscribing witness:

"*Proof of witnessed written instruments.*— In proving any written instrument or contract to which there is a subscribing witness, or to which there are two or more subscribing witnesses, it shall not be necessary to call any such witness or witnesses, but the instrument or contract may be proved, except for purposes of filing or recording the same, by the evidence by which an instrument or contract to which there is no subscribing witness may be proved. It shall not be permissible, in any case, to prove such instrument or contract by proof of the handwriting of the subscribing witness or witnesses, but in all cases such instrument or contract must be proved in the same manner as one having no subscribing witness whatever."

Accordingly, the validity and authenticity of the document was required to be proved by independent evidence. Timmerman, as the party relying upon the contract, had the burden of proving its validity and authenticity, including the authenticity of Christianson's signature. See *R & D Amusement Corp. v. Christianson,* 392 N.W.2d 385 (N.D. 1986); *Stewart Equipment Co. v. Hilling Construction Co.,* 175 N.W.2d 692 (N.D. 1970); *United States Fidelity & Guaranty Co. v. Park,* 254 Ark. 129, 491 S.W.2d 791 (1973); 17A C.J.S. *Contracts* §§ 578, 579 (1963). We recently stated in *Kummer v. City of Fargo,* 516 N.W.2d 294, 297 (N.D. 1994) (citations omitted):

"The plain language of Rule 56 requires the entry of summary judgment, upon motion and after adequate time for discovery, against a party who fails to establish the existence of a material factual dispute as to an essential element of his claim and on which he will bear the burden of proof at trial.... When no pertinent evidence on an essential element is presented to the trial court in resistance to the motion for summary judgment, it is presumed that no such evidence exists."

**2.** Section 41–03–37 was repealed by 1991 N.D.Sess.Laws Ch. 448, § 22. The current provision is codified at Section 41–03–34, N.D.C.C.

Timmerman presented no evidence to demonstrate the authenticity of the signature on the guaranty. It did not submit an affidavit or deposition of Mike Briese, the employee who purportedly witnessed the signature; it did not submit testimony of an expert in handwriting comparison analysis; it did not even attempt to obtain or submit a known valid copy of Christianson's signature.[3] The only "evidence" submitted by Timmerman was an affidavit of counsel stating:

"4. This action is a collection action against the Defendant whose name and signature appear on several documents relating to the rental of a telephone system. Copies of various documents are attached to this affidavit.

"5. These documents and the signatures raise a factual question concerning the authenticity of each document and the authenticity of each signature. These factual issues cannot be resolved without a complete evidentiary hearing on these issues."

The affidavit does not set forth facts based upon personal knowledge, as required by Rule 56(e), N.D.R.Civ.P., but merely offers counsel's unsupported conclusion that there is a fact issue regarding the authenticity of the signature.

It was incumbent upon Timmerman to present, and draw the court's attention to, competent admissible evidence from which a fact finder could reasonably infer that Christianson actually signed the document. See *Larson v. Baer, supra.* Timmerman failed to do so. As a result, Timmerman raised no genuine issue of material fact and summary judgment was therefore appropriate under Rule 56(e), N.D.R.Civ.P.

■ Timmerman also argues that the court should have granted a continuance to allow it to submit further evidence. But the record does not show that Timmerman ever requested a continuance. Rule 56(f), N.D.R.Civ.P., provides the proper procedure when a party has been unable to obtain evidence in opposition to a motion for summary judgment:

"(f) When Affidavits Are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

There is no affidavit in this record stating that Timmerman was unable, with good reason, to obtain affidavits or other evidence. Timmerman does not explain why it was unable to marshal this evidence in the five weeks between service of the second motion for summary judgment and the hearing, or in the eight months the case had been pending. There was no error in the trial court's failure to grant an unrequested continuance.

■ Timmerman also challenges the court's order awarding discovery sanctions, asserting "procedural defects" in the first scheduled deposition. Rule 37 provides trial courts with a broad spectrum of sanctions for abuse of discovery rules, and any sanctions imposed will not be set aside on appeal unless the trial court abused its discretion. *Friedt v. Moseanko,* 459 N.W.2d 240 (N.D. 1990); *Vorachek v. Citizens State Bank of Lankin,* 421 N.W.2d 45 (N.D.1988). On appeal, the sanctioned party has the burden of showing that, in light of the information available at the time of the motion, the trial court acted arbitrarily, unreasonably, or unconscionably. *Friedt, supra.* Rule 37(d), N.D.R.Civ.P., specifically authorizes the imposition of sanctions, including expenses and attorney's fees, against a party that fails to attend its own deposition. Timmerman failed to appear at the first scheduled deposition, failed to respond or appear at the hearing on the first motion to compel discovery

---

3. Timmerman argued on appeal that the trial court had a valid copy of Christianson's signature on the affidavit Christianson submitted in support of his motion. The record does not demonstrate that Timmerman called this to the court's attention or requested that the court compare the two signatures. To our untrained eyes the signatures on the affidavit and the guaranty are markedly different.

and for sanctions, and failed to appear at the second, court-ordered deposition.

Any objections to discovery are waived if the party fails to timely object. *Friedt, supra; Vorachek, supra.* By failing to respond or appear at the hearing on the first motion for sanctions, Timmerman waived its objections to the first deposition. The court did not abuse its discretion in ordering sanctions against Timmerman for its failure to attend the deposition.

The judgment is affirmed.

SANDSTROM, NEUMANN, LEVINE, and MESCHKE, JJ., concur.