**Ernest LANG, Plaintiff and Appellant,**

v.

**BANK OF NORTH DAKOTA, Defendant and Appellee.**

Civ. No. 940164.

Supreme Court of North Dakota.

April 17, 1995.

Ernest Lang, McKenzie, pro se.

Parrell D. Grossman (argued), Asst. Atty. Gen., Atty. Gen. Office, Bismarck, for defendant and appellee Bank of North Dakota.

Lawrence R. Klemin (argued), Bucklin & Klemin, P.C., Bismarck, for Rodney J. Binstock.

LEVINE, Justice.

Ernest Lang appeals from a district court judgment dismissing this action as a sanction for repeated discovery violations. We affirm.

We are faced with yet another chapter in the long and tortuous litigation between Lang and the Bank of North Dakota. In 1984, the Bank foreclosed its mortgage on Lang's farm. Lang did not redeem, and the foreclosure sale became final. *See Lang v. Bank of North Dakota*, 377 N.W.2d 575 (N.D.1985). Lang then brought this action against the Bank for damages, alleging that the Bank had wrongfully deprived him of his statutory opportunity to repurchase the land. On two occasions, we have reversed summary dispositions of Lang's claims against

the Bank, each time remanding for trial. *See Lang v. Bank of North Dakota,* 453 N.W.2d 118 (N.D.1990); *Lang v. Bank of North Dakota,* 423 N.W.2d 501 (N.D.1988).

After the second remand, the Bank served a set of interrogatories and requests for production of documents upon Lang. In his response, Lang refused to answer most of the questions, writing "Is irrelevant." His other answers were generally evasive, incomplete and nonresponsive. The Bank filed a motion to compel discovery, requesting that the court order Lang to properly respond to the Bank's interrogatories. Lang did not respond to the motion, and the court ordered Lang to supplement his answers within 30 days or be subject to sanctions, including dismissal, under Rule 37(b)(2), N.D.R.Civ.P.

Lang filed his second set of answers within the 30–day limit, but his answers were again conclusory, incomplete and nonresponsive. The Bank then moved for dismissal based upon Lang's violation of the court's prior order. At a hearing on the motion, Lang was warned by the court that further violations would result in dismissal. The court entered a written order directing Lang to supplement his responses to several specific interrogatories within 14 days or the action would be dismissed. Lang's responses, although timely, again were generally evasive and nonresponsive. The court found that Lang's answers were nonresponsive and "failed to adequately respond to the major issues in this lawsuit," that Lang had failed entirely to respond to two of the interrogatories specifically noted in the court's second order compelling Lang to respond, and that Lang's third set of answers was inadequate, nonresponsive, evasive and incomplete. The court concluded that Lang's repeated violations of discovery orders warranted dismissal of the action under Rule 37(b)(2)(C), N.D.R.Civ.P. Judgment was entered dismissing the action, and Lang appealed.

Rule 37(a)(2), N.D.R.Civ.P., provides that, upon failure of a party to answer interrogatories, the discovering party may seek an order compelling answers. An "evasive or incomplete answer" is treated as a failure to answer. Rule 37(a)(3), N.D.R.Civ.P. Violation of the court's order compelling answers subjects the noncomplying party to sanctions under Rule 37(b)(2).

Rule 37(b)(2) provides the trial court with a broad spectrum of available sanctions for discovery violations, and any sanctions imposed will not be set aside on appeal unless the trial court abused its discretion. *Timmerman Leasing, Inc. v. Christianson,* 525 N.W.2d 659, 663 (N.D.1994); *Dewitz v. Emery,* 508 N.W.2d 334, 339–340 (N.D.1993). A court abuses its discretion when it acts in an arbitrary, unreasonable or unconscionable manner. *Dewitz, supra,* 508 N.W.2d at 339. On appeal, the sanctioned party has the burden of showing that, in light of the information available at the time of the motion, the trial court acted arbitrarily, unreasonably or unconscionably. *Timmerman Leasing, supra,* 525 N.W.2d at 663; *Friedt v. Moseanko,* 459 N.W.2d 240, 241 (N.D.1990).

Lang asserts on appeal that the "greater portion" of the interrogatories "were overly burdensome and not germane to Lang's position." However, Lang did not properly raise this objection in the trial court. Lang did not seek a protective order under Rule 26(c), N.D.R.Civ.P., to preclude the discovery. Furthermore, when the Bank moved to compel answers to the interrogatories, Lang wholly failed to respond to the motion. His failure to respond to the motion is an admission that the motion was meritorious. *See* Rule 3.2(b), N.D.R.O.C.; *Vorachek v. Citizens State Bank of Lankin,* 421 N.W.2d 45, 53 (N.D.1988). By failing to move for a protective order or respond to the Bank's motion to compel, Lang waived all objections to the interrogatories. *Timmerman Leasing, supra,* 525 N.W.2d at 664; *Friedt, supra,* 459 N.W.2d at 242; *Vorachek, supra,* 421 N.W.2d at 52–53.

Lang also asserts that he sufficiently answered several of the interrogatories, those he felt were "pertinent to Lang's position." We rejected a similar argument in *Vorachek, supra,* 421 N.W.2d at 51 (citations omitted):

"We are unaware of, and counsel for the defendants have not cited, any authority which suggests that 'substantial compliance' is all that is required by the discov-

ery rules. A party is not at liberty to 'pick and choose' what information will be provided and what information will be withheld. Selective, substantial compliance is not enough; complete, accurate, and timely compliance is required by the rules.... If a party were allowed to withhold certain information because it had provided some of the requested information, the discovery process would be rendered useless."

The fact that Lang answered some of the interrogatories does not excuse his failure to provide complete and accurate answers to the remaining interrogatories.

 We recognize that dismissal of an action for discovery violations is a harsh sanction, and that, ordinarily, we prefer cases be decided on their merits. However, dismissal may be appropriate if there has been a deliberate or bad faith noncompliance which constitutes a flagrant abuse of or disregard for the discovery rules. *Farm Credit Bank of Omaha v. McLaughlin,* 474 N.W.2d 883, 886 n. 5 (N.D.1991); *Vorachek, supra,* 421 N.W.2d at 50–51. As we noted in *Vorachek, supra,* 421 N.W.2d at 51:

"Although the law favors resolution of disputes on the merits, that consideration must be balanced against the need to deter discovery abuses, promote efficient litigation, and protect the interests of all litigants. Therefore, the most severe sanctions must be available, not only to penalize those whose conduct is deemed to warrant those sanctions, but also to deter those who might be tempted to abuse the discovery process."

Our rules governing procedure, including sanctions under Rule 37, will not be modified or applied differently merely because a party not learned in the law is proceeding pro se. *Dakota Bank & Trust Co. of Fargo v. Brakke,* 377 N.W.2d 553, 557 n. 4 (N.D.1985).

 In determining whether dismissal is appropriate, Rule 37 envisions a case-by-case analysis of all relevant circumstances. Lang was afforded three separate opportunities to properly respond to the Bank's requested discovery. He was twice ordered to comply, with explicit warnings that sanctions, including dismissal, would result, if he failed to fully and completely answer the interroga-

tories. Lang continued to provide evasive, incomplete and nonresponsive answers, in deliberate and flagrant disregard of the court's orders and the discovery rules.

Lang has not met his burden of proving that, in light of the information available at the time of the motion, the trial court acted arbitrarily, unreasonably or unconscionably. The remaining issues raised by Lang are either resolved by our disposition of the issues addressed, or have been considered and found to be without merit. The judgment dismissing the action is affirmed.

VANDE WALLE, C.J., MESCHKE and SANDSTROM, JJ., and BERT L. WILSON, Surrogate Judge, concur.

BERT L. WILSON, Surrogate Judge, sitting in place of NEUMANN, J., disqualified.