ELIO J. GUIDARELLI v. RAYMOND LAZARETTI.

233 N. W. 2d 890.

September 19, 1975—No. 45013.

*William F. Messinger,* for appellant.
*David Essling,* for respondent.

Heard before Rogosheske, Peterson and Kelly, JJ., and considered and decided by the court en banc.

PER CURIAM.

This action was brought by Elio Guidarelli to set aside a mortgage foreclosure sale on the ground that mortgagee-defendant, Raymond Lazaretti, who bid the property in, was unjustly enriched. The trial court granted defendant's motion for judgment on the pleadings and dismissed plaintiff's cause of action for failure to state a claim upon which relief could be granted. We affirm.

In 1960, plaintiff purchased a house in Hennepin County. In 1962, he borrowed $50,000 from defendant, executing a promissory note to defendant in that amount which was secured by a mortgage on the house. In 1967 plaintiff defaulted on the mortgage payments and defendant commenced proceedings to foreclose by advertisement. Following proper notice, a public sale was held at which defendant mortgagee placed the highest bid, $37,782.02, and took title subject to plaintiff's 1-year period of redemption.[1]

Plaintiff failed to exercise his option to redeem by December 16, 1968, and in June 1969, defendant obtained a new certificate of title to the property. In March 1972, over 4 years after the sheriff's sale, plaintiff brought this action claiming that defendant was unjustly enriched to the extent that the fair market value of the property at the time of the sale, alleged to be at least $100,000, exceeded the bid-in price of $37,782.02. The lower court's dismissal led to this appeal.

The sole issue raised by plaintiff is whether he as a defaulting mortgagor can maintain an action for unjust enrichment against the purchaser at a foreclosure sale when the action is commenced following expiration of the redemption period, in the absence of any fraud or irregularity in the proceedings.

Plaintiff alleges that he should be allowed to show unjust enrichment, conceding that there was no fraud or other irregularity involved in this foreclosure sale. This claim has been raised in this court several

---

[1] Minn. St. 580.23.

times,[2] and has been rejected each time. In Kantack v. Kreuer, 280 Minn. 232, 240, 158 N. W. 2d 842, 847 (1968), relied on by the lower court, we most recently restated the general rule:

"With respect to the claim that the foreclosure sale should be invalidated because the bid was grossly inadequate, about all that needs be said is that the general rule is that a foreclosure sale free from fraud or irregularity will not be held invalid for inadequacy of the price."

The reason or basis for this rule was set forth in Stearns v. Carlson, 162 Minn. 469, 203 N. W. 212 (1925), a case in which the mortgagee purchased the realty at the foreclosure sale and then brought an action against the mortgagor for the deficiency on the note. This court held that a claim of inadequate price received at the sheriff's sale could not be asserted as a defense, using language that applies with great force here:

"Defendant does not question the regularity * * * of the foreclosure proceedings, * * * but rests his case on the claim that he was entitled to show, as a defense to the action, that the value of the property exceeded the amount of the note * * *.

"In the present case the sale was made by the sheriff at public auction as required by statute. There is no claim that the sale was not fairly conducted, nor that the plaintiff did anything to prevent or discourage bidding by others, nor that any higher bid could have been obtained. None of the elements constituting unfairness or bad faith * * * are disclosed. Defendant or his assigns had the right to redeem at any time within one year by paying the amount for which the property was bid in with interest thereon. If he was unwilling or unable to redeem himself, he had a year in which to find a purchaser who would pay a higher price. Where a sale is made under such conditions it is well settled that the mortgagor cannot complain that the mortgagee bid in the property for less than its value." 162 Minn. 469, 203 N. W. 212.

Under the circumstances of the present case, where plaintiff did not even allege any fraud or irregularity surrounding the foreclosure sale and where none appears from our examination of the record, we hold that the lower court was correct in ruling that plaintiff could not maintain a cause of action for unjust enrichment. Plaintiff's remedy was to redeem within the year granted by Minn. St. 580.23. Having failed to

[2] Johnson v. Cocks, 37 Minn. 530, 35 N. W. 436 (1887); Stearns v. Carlson, 162 Minn. 469, 203 N. W. 212 (1925); Brennan v. Friedell, 215 Minn. 499, 10 N. W. 2d 355 (1943); 12 Dunnell, Dig. (3 ed.) § 6347.

do so, he cannot complain unless he can show fraud or irregularity to support his claim of unjust enrichment.

Plaintiff also claims that the statutory procedure for mortgage foreclosure by advertisement violates due process of law because a defaulting mortgagor is not entitled to a hearing prior to the sheriff's sale. Unlike the due process problems raised by Sniadach v. Family Finance Corp. 395 U. S. 337, 89 S. Ct. 1820, 23 L. ed. 2d 349 (1969) and Fuentes v. Shevin, 407 U. S. 67, 92 S. Ct. 1983, 32 L. ed. 2d 556 (1972), the statutory scheme for mortgage foreclosure by advertisement, Minn. St. c. 580, provides for 4 weeks' prior notice before sale,[3] it permits the mortgagor to redeem his property within either 6 months or 1 year,[4] and most importantly, he is not deprived of the use and possession of the property prior to the public foreclosure sale.

For the reasons stated herein, we affirm.

Affirmed.

[3] Minn. St. 580.03.

[4] See, Minn. St. 580.23.