Clara Malnic HAIL, Plaintiff-Appellant,

v.

HEYMAN–CHRISTIANSEN, INC., a Utah Corporation et al., Defendants-Appellees.

No. 76–1050.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 21, 1976.

Decided June 7, 1976.

Parker M. Nielson, Salt Lake City, Utah (Terrell W. Smith, Salt Lake City, Utah, on the brief), for plaintiff-appellant.

Thomas R. Blonquist, Salt Lake City, Utah, for defendants-appellees.

Before LEWIS, Chief Judge, and SETH and HOLLOWAY, Circuit Judges.

PER CURIAM.

This appeal is taken from the portion of a judgment denying attorney's fees in a securities suit successfully prosecuted by a stock purchaser against a broker-dealer firm and its principals and registered representative,

in the district court of Utah. No cross appeal was taken by defendants. Our sole issue is whether the district court properly denied the claim for the attorney's fee. We affirm.

■ The complaint invoked jurisdiction under Section 27 of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78aa, averring that the claims asserted were based on violations of Section 10 of the Act, 15 U.S.C.A. § 78j, and Rule 10b–5 adopted thereunder, 17 C.F.R. § 240.10b–5, and upon violations of Section 15(c) of said Act, 15 U.S.C.A. § 78o(c).[1] No allegation was made of a right to recover on the principal claim under Utah law.[2] Paragraph 13 of the complaint did allege that plaintiff is entitled to recover judgment for interest and attorney's fees under the laws of Utah as a matter of pendent jurisdiction.

The court granted a summary judgment for plaintiff on the principal claim on the ground that the failure of a stock brokerage firm to disclose to a customer that it was making a market in the securities constitutes a violation of Rule 10b–5, citing *Chasins v. Smith, Barney & Co.*, 438 F.2d 1167 (2d Cir.), *inter alia.* The court said it was making no observation or ruling on the alleged violation of Rule 144 and rejected the claim based on alleged violation of the NASD rule, citing its opinion in *Utah v. duPont Walston, Inc.*, CCH Sec L.Rep., ¶ 94,812 at 96,713 (R. II, 122, n.1).

A subsequent hearing was held on damages, including the claims for interest and attorney's fees. The plaintiff's memorandum in support of such relief referred to the fact that paragraph 13 of the complaint also "sets out a claim for interest and attorney's fees based on the Utah state laws as a matter of pendent jurisdiction." (R. II, p. 125). The court entered judgment, reconfirming its allowance of recovery of out-of-pocket damages of $9,000; awarding $700.34, as an added element of damages, for interest from the date of purchase to the date of judgment; denying the claim for attorney's fees as an added element of damages; and reconfirming the earlier denial of exemplary damages (R. II, 139–40). The order stated no reason for the denial of the claim for attorney's fees.

■ Plaintiff says the denial of attorney's fees was error, arguing that the complaint squarely presented plaintiff's entitlement to her attorney's fees under state law as a matter of pendent jurisdiction, citing Utah Code Annot. § 61–1–22.[3] She argues

---

1. Three general claims were alleged as ground for recovery: (1) devices, schemes, etc., (along Rule 10b–5 grounds); (2) failure to acquire reasonably current information concerning the corporations whose stocks were being sold (violating Rule 144 of the SEC, promulgated under Section 15(c) of the Act); and (3) violation of Section 2 of the Rules of Fair Practice of the NASD by failing to obtain the financial statement of plaintiff prior to recommending speculative securities (R. II, 120–21).

2. We are mindful of the rule that it is not necessary to allege the particular law or theory under which recovery is sought. *MISCO Leasing, Inc. v. Keller*, 490 F.2d 545, 548 (10th Cir.). However, the plaintiff chose to identify the federal claim as the one relied on for the principal recovery as she may do, cf. *Pan American Petroleum Corp. v. Superior Court of Delaware*, 366 U.S. 656, 662–63, 81 S.Ct. 1303, 6 L.Ed.2d 584, and the order granting summary judgment for the plaintiff also confirms the fact that such recovery was awarded on the 10b–5 claim.

3. Utah Code Annot. § 61–1–22 provides in part:

[(1)] Any person who . . .
  (b) offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading (the buyer not knowing of the untruth or omission), and does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission, is liable to the person buying the security from him, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at six per cent per year from the date of payment, costs, *and reasonable attorneys' fees*, less the amount of any income received on the security, upon the tender of the security or for damages if he no longer owns the security. Damages are the amount that would be recoverable upon a tender less value of the security when the buyer disposed of it and interest at six per cent per year from the date of disposition. (Emphasis added).

that pendent jurisdiction was plainly available, the state remedy being substantially identical to the remedy under Rule 10b–5 and dependent on the identical facts and circumstances (see the parallel provisions in Utah Code Annot. § 61–1–22, supra, note 3). (Brief of Appellant, 5). Plaintiff says that this court in *Young v. Taylor*, 466 F.2d 1329 (10th Cir.), squarely held that the state remedy for attorney's fees is available under the doctrine of pendent jurisdiction. She also argues that there is a direct and unequivocal statutory premise for her attorney's fee claim in § 28(a) of the Exchange Act, 15 U.S.C.A. § 78bb(a), which provides in part that:

> (a) The rights and remedies provided by this chapter shall be in addition to any and all other rights and remedies that may exist at law or in equity . . .

We cannot agree. This case is unlike *Young v. Taylor*, *supra*. There we pointed out that the recovery of general damages was necessarily based on a jury finding that the elements were present for recovery on the pendent state common law fraud claim and the Utah Blue Sky Law, which allows recovery of attorney's fees (see n. 3 *supra*), as well as on the federal claim. 466 F.2d at 1337. "[T]he elements of such [state law] claims were necessarily found by the jury . . . ." Id. at 1338. Here, however, it is apparent that the principal recovery was awarded solely on the federal 10b–5 claim, as the district court's order granting summary judgment shows (R. II, 120–22). Thus, here there is no recovery on a state law claim to which recovery of attorney's fees under state law may be added as in *Young*. And we feel that the federal statute relied on, 15 U.S.C.A. § 78bb(a), does not save the attorney's fee claim, premised on state law, in isolation.

In *Mitchell v. Texas Gulf Sulphur*, 446 F.2d 90, 106 (10th Cir.), cert. denied, 404 U.S. 1004, 92 S.Ct. 564, 30 L.Ed.2d 558, we held that attorney's fees are not recoverable in a suit on a federal 10b–5 claim such as prevailed here. In view of *Mitchell's* denial of attorney's fees on such a federal claim, and in view of the fact that the

principal recovery here was grounded solely on the federal 10b–5 claim, it would be improper to add on recovery of attorney's fees allowed only by state law.

AFFIRMED.