Ernest LANG, Plaintiff and Appellant,

v.

**BANK OF NORTH DAKOTA,**
Defendant and Appellee.

**Civ. No. 870215.**

Supreme Court of North Dakota.

May 17, 1988.

Thomas M. Disselhorst, Bismarck, for plaintiff and appellant.

Thomas B. Tudor, Asst. Atty. Gen., Bismarck, for defendant and appellee.

MESCHKE, Justice.

Ernest Lang appealed from a judgment on the pleadings dismissing his complaint for damages against the Bank of North Dakota and from denial of his motion to amend the complaint stemming from the mortgage foreclosure of his farm. We reverse.

The Bank of North Dakota foreclosed its mortgage on Lang's farm. Lang did not redeem and the foreclosure became final. *See Lang v. Bank of North Dakota,* 377 N.W.2d 575 (N.D.1985). Proceeding without counsel, Lang sued the Bank of North Dakota for damages, arguing that the Bank of North Dakota wrongfully sold its sheriff's certificate of foreclosure sale of his farm to a second mortgagee, the Bank of Steele, before the time for redemption expired. The trial court dismissed the complaint under N.D.R.Civ.P. 12 for failure to state a claim upon which relief could be granted. Lang appealed.

■ We have reviewed this transaction before and found no illegality in the transfer of the certificate to the Bank of Steele before the end of the period of redemption. *Bank of Steele v. Lang,* 399 N.W.2d 293 (N.D.1987); *Lang v. Bank of Steele,* 415 N.W.2d 787 (N.D.1987). A mortgagor cannot claim damages from a mortgagee for a valid foreclosure. *Guidarelli v. Lazaretti,* 305 Minn. 551, 233 N.W.2d 890 (1975). *See also* 55 Am.Jr.2d *Mortgages* § 535 (1971). Accordingly, Lang's complaint did not state a claim for damages from the foreclosure itself.

■ At oral argument of this appeal, counsel appeared for Lang and argued that the complaint stated a claim for deprivation of a post-redemption privilege of repurchasing the farm. He pointed out that the Bank of North Dakota had acted for the Board of University and School Lands in the foreclosure of the mortgage. Therefore, he argued, transfer of the sheriff's certificate deprived Lang of a statutory opportunity to repurchase the farm at any time after the time for redemption ended and before public sale of the farm by the Board of University and School Lands. *See* NDCC 15–07–04 [1] and 15–07–10.[2]

These statutes and this aspect of the complaint were not submitted to the trial court. Usually, a new issue cannot be considered for the first time on appeal. N.D. R.Civ.P. 46; *State ex rel. Industrial Commission v. Harlan,* 413 N.W.2d 355, 357 (N.D.1987). But this principle of judicial prudence was largely designed to husband limited appellate resources for use on real issues adequately developed by evidence and arguments in a trial. This venerable rule has little to do with opening or closing the courthouse doors on a claim before it can be fully considered. *See generally,* Martineau, *Considering New Issues on Appeal: The General Rule and the Gorilla Rule,* 40 Vand.L.Rev. 1023 (1987). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is needed to begin a civil action. N.D.R.Civ.P. 8(a).[3]

---

1. NDCC 15–07–04 says:
   "*Sale Requirements.* Any land sold under the provisions of this chapter must be by public auction or sealed bids, except purchases under the provisions of section 15–07–10. If the land was acquired through the cancellation of a contract for deed, the price shall be not less than the amount due at the time of cancellation. If the land was acquired through foreclosure, the price shall be not less than the amount due at the time of the foreclosure sale."

2. NDCC 15–07–10 says:
   "*Mortgagor has right to repurchase.* If any mortgagor or a member of the mortgagor's immediate family, including a father, mother, son, daughter, brother, sister, or spouse, shall desire to repurchase land lost through fore-

closure or by a deed given in lieu of foreclosure, such repurchase may be made at a private sale any time before such lands are offered at public sale to the highest bidder. The terms and conditions of any sale under this section must be established by the board of university and school lands, consistent with this title and the fiduciary responsibilities of the board."

3. "The function of an affirmative federal pleading, under Fed.R.Civ.P. 8(a)(2), is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved. 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1215 at 108–110 (1969). The 'theory of the pleadings' doctrine, under which a plaintiff must succeed on those theories that

For us to affirm the dismissal below, because the theory of the complaint proposed on appeal was not submitted to the trial court, would run counter to the rationale of N.D.R.Civ.P. 8(a): "[A] complaint is sufficient if plaintiff would be entitled to relief under any state of facts that could be proven in support of the claim alleged." Explanatory Note, N.D.R.Civ.P. 8 (1988) (citation omitted).

"[M]any federal courts have held that a complaint is sufficient against a motion to dismiss, if it appears from the complaint that plaintiff may be entitled to *any form of relief*, even though the particular relief he has demanded and the theory on which he seems to rely are not appropriate." 5 Wright & Miller, Federal Practice and Procedure § 1219, p. 143 (1969) (emphasis added).

For the most part, we prefer to dispose of litigation on its merits, rather than on procedural grounds.[4] To that purpose, we have regularly reversed a judgment on the pleadings, which dismissed a complaint for failure to state a claim, whenever we have discerned a potential for proof to support it. *See, for example, Gowin v. Hazen Memorial Hospital Association*, 311 N.W.2d 554 (N.D.1981); *United Plainsmen Association v. North Dakota State Water Conservation Commission*, 247 N.W.2d 457 (N.D.1976); *Park District City of Fargo v. City of Fargo*, 129 N.W.2d 828 (N.D.1964).

The effect of the cited statutes on Lang's post-redemption opportunities has not yet been explored by either evidentiary development or legal analyses. Testing application of those statutes to Lang's circum-

stances would be precluded if we affirm a brusque dismissal of his complaint without judicial examination or exploration. Therefore, we reverse the trial court's dismissal of Lang's complaint.

ERICKSTAD, C.J., and GIERKE and VANDE WALLE, JJ., concur.

LEVINE, Justice (dissenting).

I would affirm the dismissal. First, the "issue" of the deprivation of post-redemption privilege of repurchase was not raised in the pleadings or in briefs or argument to the trial court. Indeed, it was not even hinted at below. Further, it was not raised on appeal in briefs. An issue not raised in briefs and not identified or researched is not one we should consider. *Kern v. Art Schimkat Construction Co.*, 125 N.W.2d 149 (N.D.1963). But even if the majority is of a different view and believes that an issue raised in oral argument should nonetheless be resolved by this court, then my rejoinder is that the so-called issue was not raised in oral argument. What was raised was appellant's reference to NDCC § 15-07-10 and his uncertainty as to whether that section even applied in this case. An appellant seeking to reverse a dismissal based upon a particular legal theory better be prepared to argue that such legal principle is fully applicable to the facts at hand.

By rationalizing its result on the ground that we prefer to decide matters on the merits, the majority undercuts that venerable principle by applying it in a case where

are pleaded or not at all, has been effectively abolished under the federal rules. *Id.* § 1219 at 141–143. *See also Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir.1974). Indeed, under Fed.R.Civ.P. 54(c), except in the case of default, the 'final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.' As stated in C. Wright & A. Miller, *supra,* '[t]he federal rules, and the decisions construing them, evince a belief that when a party has a valid claim, he should recover on it regardless of his counsel's failure to perceive the true basis of the claim at the pleading stage, * * * ' provided that such a shift in the thrust of the case does not work to the prejudice of the

opposing party. *Id.* § 1219 at 145 (footnote omitted). *See Hail v. Heyman–Christiansen, Inc.,* 536 F.2d 908, 909 n. 2 (10th Cir.1976); *Janke Constr. Co., Inc. v. Vulcan Materials Co.,* 527 F.2d 772, 776 (7th Cir.1976)." *Oglala Sioux Tribe of Indians v. Andrus,* 603 F.2d 707, 714 (8th Cir.1979).

4. *Matter of Boschee,* 347 N.W.2d 331, 336 (N.D. 1984) ("As a general rule, this court has expressed a preference for reaching the merits of the controversy."); *LeFevre Sales, Inc. v. Bill Rippley Const.,* 238 N.W.2d 673, 676 (N.D.1976), ("[I]t is important to reach the merits whenever reasonably possible, ...").

there is absolutely no mooring to support it.

I respectfully dissent.