Steve **KLEIN, Howard Putnam, and Glen Biondi, Plaintiffs,**

v.

**CITY OF LAGUNA BEACH, Defendant.**

Case No. SACV 08–01369–CJC(MLGx).

United States District Court, C.D. California, Southern Division.

Nov. 19, 2013.

William G. Gillespie, Bonsall, CA, Michael J. Kumeta, Esq., La Mesa, CA, for plaintiffs.

Philip D. Kohn, Esq., Rutan & Tucker LLP, Costa Mesa, CA, for defendants.

## ORDER DENYING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

CORMAC J. CARNEY, District Judge.

## I. INTRODUCTION

Plaintiffs Steve Klein, Howard Putnam, and Glen Biondi (collectively, "Mr. Klein") brought this action against the City of Laguna Beach (the "City"), bringing an as-applied challenge to the City's former amplified sound ordinance. Mr. Klein recovered $3 in nominal damages. Before the Court is Mr. Klein's motion for attorneys' fees in the amount of $1,994,041.50 and costs in the amount of $646.50 pursuant to the federal Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988(b), and California Civil Procedure Code section 1021.5.[1] Because Mr. Klein's sole relief was $3 in nominal damages on his federal constitutional claims, and because his claims under California law were dismissed, his motion for attorneys' fees and costs is DENIED.

## II. BACKGROUND [2]

The genesis of this case is Mr. Klein's attempt to use a bullhorn on the sidewalks around Laguna Beach High School to communicate a religious and antiabortion message to high school students at the end of classes. (See Dkt. No. 1 ¶¶ 10–12.) After he was denied a permit to use amplified sound outside the high school, he filed a complaint and an application for a temporary restraining order on December 3, 2008. (See Dkt. Nos. 1, 3.) After the

---

1. Mr. Klein raises a third independent ground for awarding attorneys' fees—California's catalyst theory—for the first time in his reply. (See Dkt. No. 126 ["Klein Reply"] at 25 (requesting a fee award "via three independently dispositive routes: (1) Section 1988, (2) Section 1021.5, and (3) the California catalyst theory").) As discussed below, the Court de-clines to consider this third ground as it was not raised by Mr. Klein in his opening brief.

2. For a more detailed description of the case's background, see this Court's Order Granting in Part Defendant's Motion for Summary Judgment and Granting in Part Plaintiff's Motion for Summary Judgment, (Dkt. No. 94 ["MSJ Order"] at 2–6).

Court denied his application for a temporary restraining order, Mr. Klein filed the operative First Amended Complaint, alleging that the City's sound ordinance, Laguna Beach Mun.Code § 7.25.120, prohibited him from communicating his message in three locations: (1) to students on the sidewalks adjacent to Laguna Beach High School immediately following the final bell of the school day, (2) on the sidewalk outside Laguna Beach City Hall from 4 p.m. to 5 p.m., and (3) on the sidewalks of the commercial district in downtown Laguna Beach. (Dkt. No. 9 ["FAC"] ¶¶ 22–23.)

The City amended its amplified sound ordinance on June 16, 2009, and Mr. Klein moved for a preliminary injunction to restrain the City from enforcing the revised ordinance on August 3, 2009. The Court denied Mr. Klein's motion on August 28, 2009, and Mr. Klein timely appealed. The Ninth Circuit Court of Appeals held that this Court erred by finding that Mr. Klein had not shown a likelihood of success on the merits because the City had presented insufficient evidence to show that its sound amplification ordinance was "narrowly tailored to serve a significant government interest." *Klein v. City of Laguna Beach*, 381 Fed.Appx. 723, 725–27 (9th Cir.2010). Because the Ninth Circuit could not ascertain whether Mr. Klein sought to bring a facial or an as-applied challenge to the ordinance, the Ninth Circuit declined to enjoin the City from enforcing the ordinance, "lest the injunction sweep more broadly than necessary," and remanded the matter to this Court on an open record. *Id.* at 728.

On October 5, 2010, the City Council again amended Laguna Beach Municipal Code section 7.25.120 so that it no longer prohibited any of the expressive activities that Mr. Klein sought to engage in. Accordingly, Mr. Klein represented to the Court that he no longer sought declaratory or injunctive relief. (Dkt. No. 63–1 ["Pl.'s Mem. P & A. Supp. Mot. Summ. J."] at 1.) Instead, he moved for summary judgment seeking an award of nominal damages pursuant to 42 U.S.C. § 1983 because, as applied, the former ordinance deprived him of his constitutional rights to free speech under the United States Constitution. Mr. Klein also sought nominal damages for violation of his free-speech rights under the California Constitution. The Court granted Mr. Klein's motion in part and granted the City's cross motion in part, holding that the repealed amplified sound ordinance was permissible as applied to Mr. Klein's proposed amplified speech outside the high school and City Hall, but was unconstitutional as applied to his proposed amplified speech in the downtown business district. (Dkt. No. 99.) The Court dismissed with prejudice Mr. Klein's remaining claims, including his claims for declaratory and injunctive relief under the California and federal Constitutions as moot, because the City had repealed the contested ordinance provisions in 2008 and 2010. (Dkt. No. 99.)[3]

On appeal, the Ninth Circuit affirmed in part and reversed in one respect this Court's judgment, finding that this Court erred in granting summary judgment to the City on Mr. Klein's challenge as applied to his proposed amplified speech near city hall. *Klein v. City of Laguna Beach*, 533 Fed.Appx. 772 (9th Cir.2013). In accordance with the Ninth Circuit's second memorandum decision, this Court entered a revised judgment. (*See* Dkt. No. 118.)

---

**3.** The Court dismissed Mr. Klein's claims for nominal damages under the California Constitution because he did not comply with the procedural requirements set forth in the California Government Claims Act. (MSJ Order at 7 n. 1.) The Court also dismissed Mr. Klein's claim for statutory damages under the California Bane Act because Mr. Klein voluntarily abandoned that claim in his motion for summary judgment. (MSJ Order at 7 n. 1.).

The Revised Judgment awarded Mr. Klein $3 in nominal damages on his claims under § 1983 that the City's repealed permit scheme violated the First Amendment as applied to his case and that the City's repealed amplified sound ordinance violated the First Amendment as applied to his proposed amplified speech at City Hall and the downtown business district. (Dkt. No. 118.) Judgment was entered in favor of the City, however, on Mr. Klein's claims for (1) declaratory and injunctive relief for violations of the federal Constitution; (2) nominal damages pursuant to § 1983 for Mr. Klein's proposed speech near the high school; (3) nominal damages and declaratory and injunctive relief for violations of Article I Section 2 of the California Constitution; and (4) statutory damages pursuant to the California Bane Act. (Dkt. No. 118.).

## III. ANALYSIS

### A. Section 1988

■ "The general rule in our legal system is that each party must pay its own attorney's fees and expenses...." *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 550, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010). Nevertheless, in an action brought pursuant to 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Where, as here, a § 1983 plaintiff receives only nominal damages, such a plaintiff is a "prevailing party" for purposes of § 1988(b). *See Farrar v. Hobby,* 506 U.S. 103, 112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). "That does not, however, mean that [the] plaintiff is necessarily entitled to

an award of fees." *Benton v. Or. Student Assistance Comm'n,* 421 F.3d 901, 904 (9th Cir.2005).

In addition to determining whether the plaintiff is a "prevailing party," a court must assess the plaintiff's degree of overall success to determine whether a fee award is "reasonable." *See Farrar,* 506 U.S. at 114, 113 S.Ct. 566 ("Although the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, ... 'the degree of the plaintiff's overall success goes to the reasonableness' of a fee award ...." (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 793, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989))). The Court is guided in its assessment of the reasonableness of a fee by *Farrar's* teaching "that an award of nominal damages is not enough to justify an award of attorney's fees."[4] *Benton,* 421 F.3d at 905 (quoting *Wilcox v. City of Reno,* 42 F.3d 550, 555 (9th Cir.1994)). This is because a nominal damages award "highlights the plaintiff's failure to prove actual, compensable injury'" and "often 'accomplishe[s] little beyond giving [them] the moral satisfaction of knowing that a federal court concluded that their rights had been violated in some unspecified way.'" *Mahach–Watkins v. Depee,* 593 F.3d 1054, 1059 (9th Cir.2010) (first alteration in original) (quoting *Farrar,* 506 U.S. at 114–15, 113 S.Ct. 566). Accordingly, "[i]f a district court chooses to award fees after a judgment for only nominal damages, it must point to some way in which the litigation succeeded, *in addition* to obtaining a judgment for nominal damage." *Wilcox,* 42 F.3d at 555; *see Mahach–Watkins,* 593 F.3d at 1059.

---

**4.** The Ninth Circuit has noted that "[a]fter *Farrar,* the district court's first consideration must be whether the nominal damages plaintiff is entitled to any fees at all." *Benton,* 421 F.3d at 905 (noting that, under *Farrar,* nominal damages cases are exempted from the

general requirements governing the calculation of attorneys' fees, including the requirement that the district court recite the 12 factors bearing on reasonableness articulated in *Hensley v. Eckerhart,* 461 U.S. 424, 433 & n. 3, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

■ In determining whether a plaintiff succeeded in some way beyond the judgment for nominal damages, a district court should consider three factors, derived from Justice O'Connor's concurrence in *Farrar. Mahach–Watkins*, 593 F.3d at 1059; *see Farrar*, 506 U.S. at 116–22, 113 S.Ct. 566 (O'Connor, J., concurring). The factors a court should consider are (1) the extent of the plaintiff's recovery, (2) the significance of the legal issue on which the plaintiff claims to have prevailed, and (3) whether the success accomplished some public goal. As to the third factor, the Ninth Circuit has observed, by way of example, that "[i]f the lawsuit achieved other tangible results—such as sparking a change in policy or establishing a finding of fact with potential collateral estoppel effects—such results will, in combination with an enforceable judgment for a nominal sum, support an award of fees." *Benton*, 421 F.3d at 905 (quoting *Wilcox*, 42 F.3d at 555) (internal quotation marks omitted).

■ The Court finds that the third factor—whether the success accomplished some public goal—weighs strongly against an award of attorneys' fees. In considering this factor, the Court finds *Benton* particularly instructive. In that case, the Ninth Circuit held that the district court erred in awarding any attorneys' fees. *Id.* at 907–08. The plaintiff in *Benton* was a professor at Bob Jones University, an unaccredited institution that emphasizes conservative values. *Id.* at 902. The plaintiff filed suit after the Oregon Office of Degree Authorization decreed that she should be fired from her position at the college because her degree was "illegal" under Oregon law. *Id.* at 903. She alleged claims for violation of her federal and state constitutional rights to free speech, free exercise of religion, due process, and equal protection. *Id.* at 902–03. While the litigation was pending, the Oregon state legislature amended the statute in question with the effect of mooting the plaintiff's claims

for declaratory and injunctive relief. *Id.* at 903. After the district court dismissed those claims, the plaintiff amended her complaint to add a claim for compensatory damages against two defendants in an unspecified amount. *Id.* After a bench trial, the district court found that one of the individual defendants had violated the plaintiff's constitutional rights and awarded nominal damages in the amount of one dollar. *Id.* The district court then awarded the plaintiff $371,362 in attorneys' fees and $70,828.84 in costs. *Id.*

In considering the reasonableness of awarding any fees, the Ninth Circuit focused on whether the plaintiff's success in receiving nominal damages also accomplished some public goal. *Id.* at 907. The court concluded that the district court erred in awarding any fees because the defendant's "wrongful conduct occurred under the previous statute and because [he] voluntarily exercised his discretion under the revised statute consistent with the requirements of the Constitution." *Id.* at 907–08. The court rejected the plaintiff's argument that a public goal was served merely because the defendant would "necessarily think twice before violating the rights of others in the future." *Id.* at 907. Moreover, the court emphasized that the defendant had mooted the plaintiff's claims for declaratory and injunctive relief by voluntary conduct "*well prior*" to the district court's finding of a constitutional violation and award of nominal damages." *Id.*

Just as the award of nominal damages in *Benton* was unaccompanied by compensatory relief and came long after the Oregon statute was amended so as to moot claims for prospective relief, Mr. Klein's judgment for nominal damages here was unaccompanied by compensatory damages and came nearly three years after the City repealed its ordinance. Mr. Klein has

failed to show that his award of nominal damages accomplished the necessary "something more" beyond "the moral satisfaction of knowing that a federal court concluded that [his] rights had been violated." *Mahach–Watkins*, 593 F.3d at 1059 (quoting *Farrar*, 506 U.S. at 114–15, 113 S.Ct. 566) (internal quotation marks omitted). Like the plaintiff in *Benton*, Mr. Klein has not shown that the judgment awarding nominal damages also succeeded by "sparking a change in policy or establishing a finding of fact with potential collateral estoppel effects." *Benton*, 421 F.3d at 905 (quoting *Wilcox*, 42 F.3d at 555). Mr. Klein's argument that "his primary goal was a policy change in amplified speech restrictions," (Klein Reply at 3), is unavailing, as the Court finds that the ordinance was voluntarily amended so as to eliminate the claimed constitutional defects well prior to this Court's judgment in Mr. Klein's favor.[5] *Cf. id.* at 907 (finding that an award of nominal damages did not also accomplish some public goal in part because "*well prior* to the district court's finding of a constitutional violation and award of nominal damages," the plaintiff's claims for prospective relief were dismissed as moot in light of a voluntary change in the statute).

The Court finds that the first factor—the extent of success—also counsels against an award of attorneys' fees. As the Supreme Court has explained, "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Farrar*, 506 U.S. at 115, 113 S.Ct. 566 (citation omitted). Mr. Klein argues

that the fact that he only recovered nominal damages is irrelevant because he only sought to recover nominal damages. (Klein Reply at 3.) Therefore, he argues, unlike plaintiffs who seek both compensatory and nominal damages but only recover nominal damages, he obtained a full recovery. Importantly, however, Mr. Klein did not seek compensatory damages because, as he admits, he was unable to prove actual injury. (Klein Reply at 3 (stating that he "was prohibited from obtaining more than nominal damages for a technical violation of his constitutional rights, because no compensatory damages can be awarded in a [§ ]1983 suit absent proof of actual injury").)

The Court finds no principled basis to treat differently a plaintiff who does not seek compensatory damages because he cannot prove actual injury from a plaintiff who seeks compensatory damages and fails to prove actual injury. In both cases, the plaintiff fails to prove actual injury. While the second plaintiff's possible overreaching may highlight the technical nature of his *de minimis* victory, the first plaintiff's degree of success is no less *de minimis*. Thus, although Mr. Klein's decision to not pursue in court what he cannot prove is laudable, his failure to recover some significant amount of damages or other meaningful relief counsels against an award of fees. *See Benton*, 421 F.3d at 905 ("As we have noted, '*Farrar* therefore teaches that an award of nominal damages is not enough' to justify an award of attorney's fees. 'If a district court chooses to award fees after a judgment for only nominal damages, it must point to some way in

---

5. The Court notes that Mr. Klein did not prevail with respect to his primary as-applied challenge—his challenge to the City's amplified sound ordinance as applied to his proposed use of a bullhorn on the sidewalks outside of Laguna Beach High School. Mr. Klein's proposed amplified speech outside the high school was the focus of Mr. Klein's original complaint and was the issue most forcefully pressed during litigation. Notwithstanding Mr. Klein's failure to prevail on this key contention, the Court analyzes his entitlement to fees as though he had prevailed on all of his as-applied challenges.

which the litigation succeeded, *in addition* to obtaining a judgment for nominal damage.'" (quoting *Wilcox*, 42 F.3d at 555) (citation omitted)); *see also Pino v. Locascio*, 101 F.3d 235, 239 (2d Cir.1996) ("The vast majority of civil rights litigation does not result in ground-breaking conclusions of law, and therefore, will only be appropriate candidates for fee awards if a plaintiff recovers some significant measure of damages or other meaningful relief.").

The Court does find that the second factor—the significance of the legal issue—favors Mr. Klein in some respects. But the legal issues decided in this case are not so significant as to overcome the other two factors, which counsel strongly against an award of fees. "The importance of the issue may be assessed by comparing it to other issues that [circuit courts of appeals] have held to qualify as important under this factor." *Mahach–Watkins*, 593 F.3d at 1061–62 (whether state-sanctioned force resulting in death was excessive); *see also Piper v. Oliver*, 69 F.3d 875, 877 (8th Cir.1995) (right to be free from illegal detention); *Jones v. Lockhart*, 29 F.3d 422, 424 (8th Cir.1994) (right to be free from cruel and unusual punishment). While Mr. Klein's First Amendment rights are unquestionably important, the Court finds that the City's voluntary amendment of the allegedly offending provisions years before the Court's judgment mitigates the importance of the legal issues resolved in Mr. Klein's favor. *Cf. Mahach–Watkins*, 593 F.3d at 1062 (concluding that the second factor supported an award of attorneys' fees in part because the issue whether state-sanctioned force resulting in death was excessive is "of great importance to a law enforcement officer who is placed in a situation where deadly force may be appropriate").

Again, the Court finds *Benton* to be instructive. In that case, the Ninth Circuit held that no amount of attorneys' fees was reasonable notwithstanding the district court's finding that the plaintiff's constitutional rights had been vindicated. *Benton*, 421 F.3d at 907–08. The court rejected the plaintiff's argument that an award of attorneys' fees was reasonable because the defendant "w[ould] necessarily think twice before violating the rights of others in the future" because it found that the statute in question had been amended prior to the judgment and that the defendant had exercised discretion under the revised statute in the plaintiff's favor. *Id.* Notably, the court reached its conclusion—that the district court had erred in awarding any attorneys' fees—without even discussing the second factor.

In sum, having considered the three factors identified by Justice O'Connor's concurrence in *Farrar*, the Court concludes that an award of attorneys' fees under § 1988(b) is not justified in this case. Mr. Klein has failed to prove actual injury and thus was awarded only nominal damages. Mr. Klein has further failed to show how the judgment in his favor had some tangible result beyond the vindication of his individual constitutional rights.

**B. California Civil Procedure Code section 1021.5**

▪ Mr. Klein also seeks fees under California's private attorney general doctrine codified in California Civil Procedure Code section 1021.5.[6] California's fee-shifting statute is inapplicable, however,

---

**6.** "California Code of Civil Procedure § 1021.5 permits an award of attorney fees to a prevailing party in an action under California state law when 'the litigation enforced an important right affecting the public interest, ... a significant benefit was conferred on a large class of persons, and ... the necessity and financial burden are such that an award of attorney's fees is appropriate." *Yates v. Union Square*, No. C 07–04087 JSW, 2008 WL 346418, at *4 (N.D.Cal. Feb. 7, 2008).

because the Court dismissed all of Mr. Klein's California law claims. Mr. Klein concedes that section 1021.5 is inapplicable where a plaintiff pleads only federal causes of action. (*See* Klein Reply at 1 ("*Disability* was a 'pure federal question case'; the plaintiffs never pled a state claim—which is required for seeking fees under Section 1021.5.").) *See also Disability Law Ctr. of Alaska, Inc. v. Anchorage Sch. Dist.*, 581 F.3d 936, 940 (9th Cir.2009) ("In a pure federal question case brought in federal court, federal law governs attorney fees.").[7] He argues that this is not a "pure federal question case" because he pled numerous California causes of action and, therefore, "pendent jurisdiction allows [him] to claim Section 1021.5." (Klein Reply at 1.) Supplemental jurisdiction cannot, however, allow a federal court to consider a state fee-shifting statute where no viable state law claim exists. *See Yates*, 2008 WL 346418, at *4 ("Because the Court has dismissed the state causes of action, the Court may not grant an award of attorneys' fees under [section 1021.5].").

Mr. Klein cites some cases where courts ruled on federal constitutional grounds without reaching substantively identical state constitutional grounds given that both grounds sought the same type of relief. (*See* Klein Reply at 1–2.) Courts have sensibly found the California fee-shifting statute applicable in such situations. *See, e.g., Citizens Against Rent Control v. City of Berkeley*, 181 Cal.App.3d 213, 228–29, 226 Cal.Rptr. 265 (1986). That is not the case here, however; the state constitutional claims in this case were dismissed on the merits. Indeed, the Court found that such claims were moot as of October 2010, when the City repealed its ordinance.

Therefore, because Mr. Klein prevailed only on pure federal questions, it would be inappropriate for the Court to award fees under section 1021.5. Holding otherwise would encourage plaintiffs to allege state law claims in federal court actions for the sole purpose of obtaining attorneys' fees under state law that are unavailable in pure federal question cases. *Cf. Matthews v. City of New York*, No. CV–02–715 (CPS), 2006 WL 842392, at *12 (E.D.N.Y. Mar. 27, 2006) ("[A]llowing plaintiffs to recover attorneys fees for successful state law claims when their federal claims had been dismissed would encourage plaintiffs to file meritless federal claims along with their state law claims in order to circumvent the rule that attorneys' fees are not available for those state law claims.").

### C. California's Catalyst Theory

For the first time in his reply brief, Mr. Klein raises a third basis in

---

7. Mr. Klein cites two California court decisions that arguably applied section 1021.5 to pure federal question cases. *See Maria P. v. Riles*, 43 Cal.3d 1281, 1293, 240 Cal.Rptr. 872, 743 P.2d 932 (1987); *Land v. Anderson*, 55 Cal.App.4th 69, 74, 63 Cal.Rptr.2d 717 (1997). Regardless of whether doing so is appropriate for California courts as a matter of California law, federal courts may only exercise supplemental jurisdiction over "claims," *see* 28 U.S.C. § 1367(a) (providing that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III"), and attorneys' fees such as those sought here are not an independent claim, but an element of damages. For this reason, a plaintiff cannot plead attorneys' fees without first pleading a stand-alone claim. Accordingly, the Court will not apply a state fee-shifting statute to the federal law claims on which Mr. Klein ultimately prevailed. *Cf. Hail v. Heyman–Christiansen, Inc.*, 536 F.2d 908, 910 (10th Cir.1976) ("In view of [the plaintiff]'s denial of attorney's fees on [his federal 10b–5] claim, and in view of the fact that the principal recovery here was grounded solely on the federal 10b–5 claim, it would be improper to add on recovery of attorney's fees allowed only by state law.").

support of his request for attorneys' fees: California's catalyst theory.[8] (*See* Klein Reply 10–13; *see also* Klein Reply at 25 (describing the catalyst theory as an "independently dispositive" basis for a fee award).) Because this theory was not raised in Mr. Klein's opening brief, the Court declines to consider it. *See Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir.2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Matsumaru v. Sato,* 521 F.Supp.2d 1013, 1014 (D.Ariz.2007) ("In his Reply Brief, Sato set forth a basis for awarding attorneys' fees, A.R.S. § 12–341.01(A), that was not raised in his Motion for Attorneys' Fees or accompanying memorandum. Arguments raised for the first time in a reply brief are improper, and the Court will not consider awarding attorneys' fees under Section 341.01(A)." (citation omitted)); *Govan v. Sec. Nat'l Fin. Corp.,* No. CV–10–0057–PHx–DGC, 2011 WL 2693678, at *1 (D.Ariz. July 12, 2011) ("Defendants assert in their reply that Title VII is an applicable fee-shifting statute, but it is well established that 'courts will not consider arguments raised for the first time in a reply brief.'" (citation omitted) (quoting *Bach v. Forever Living Prods. U.S., Inc.,* 473 F.Supp.2d 1110, 1122 n. 6 (W.D.Wash.2007))).

In addition to not raising the catalyst theory in his opening brief, Mr. Klein further fails to produce evidence necessary to establish his entitlement to fees under the catalyst theory in any of the declarations or exhibits filed with his opening brief. *See In re Hansen Natural Corp. Secs. Litig.,* 527 F.Supp.2d 1142, 1150 (C.D.Cal. 2007) ("[T]he Court will not consider evidence presented for the first time in a reply."); *see also Kruszka v. Toyota Motor Corp.,* No. CV 11–01578–RGK FFMx, 2011 WL 9820198, at *3 (C.D.Cal. Aug. 2, 2011) ("Local Rule 7–5(b) of the Central District of California specifies that '[t]he evidence upon which the moving party will rely in support of the motion[ ]' 'shall be served and filed with the notice of the motion.'"). Mr. Klein concedes that

> [t]o establish entitlement to fees, a plaintiff must satisfy three elements: (1) the lawsuit was a catalyst motivating the defendants to provide the primary relief sought; (2) the lawsuit had merit and achieved its catalytic effect by threat of victory, not by dint of nuisance and threat of expense, and (3) the plaintiffs reasonably attempted to resolve the litigation prior to filing the lawsuit.

(Klein Reply at 11 (citing *Tipton–Whittingham v. City of Los Angeles,* 34 Cal.4th 604, 608, 21 Cal.Rptr.3d 371, 101 P.3d 174 (2004)).) In his opening papers, however, Mr. Klein fails to offer any evidence that the lawsuit was a catalyst or that he reasonably attempted to resolve the litigation prior to filing the lawsuit. Instead, such evidence is presented for the first time in exhibits to his reply brief and declarations filed therewith. (*See* Klein Reply Exs. 1–2; Dkt. No. 126–2 ["Kumeta Reply Decl."].) The City is prejudiced by Mr. Klein's untimely submission because it has no opportunity to contest, for example, the accuracy of Mr. Klein's assertion that he provided pre-litigation notice or his assertion that such notice was reasonable. The third factor in particular is bound to be a fact-intensive inquiry that would necessarily require consideration of the City's side of the story.

What is even more troubling is that Mr. Klein's attorneys were apparently well aware of the catalyst theory prior to filing the initial motion for attorneys' fees. (*See*

---

**8.** According to Mr. Klein, "[u]nder the catalyst theory, a party may obtain attorney fees even when a suit does not result in a judicial resolution if the defendant modifies its behavior in the manner sought by the suit." (Klein Reply at 10.).

Klein Reply at 21 (arguing that "more than half" of the 200 hours claimed for researching and drafting the *initial fee brief* was for "research[ing] and writing . . . [the] reply brief, which is evident from the time entries (e.g., "degree of success" & "*CT*" *[catalyst theory]*)" *(emphasis added)*).) Mr. Klein's lawyers' time entries for September 1–6, 2013 indicate that, *weeks* before filing the September 23, 2013 motion for attorneys' fees, Mr. Klein's lawyers spent substantial time reading and researching catalyst theory cases, synthesizing catalyst theory cases for the fee petition, and reading cases regarding catalyst theory requirements. *(See* Dkt. No. 119–5 ["Kumeta Time Entries"] at 92–93; Dkt. No. 126–4 ["Klein Resps."] at 96–98.) After all this research, Mr. Klein chose not to address (or even mention) the catalyst theory in his opening brief. Understandably, then, the City's opposition did not address the theory. Notwithstanding the theory's complete absence from the opening and opposition briefs, however, Mr. Klein discussed the theory for three pages in his reply. *(See* Klein Reply at 10–13.).

In sum, because Mr. Klein not only failed to raise the catalyst theory in his opening brief but also failed to submit *prima facie* evidence of his entitlement to recovery under that theory in his opening brief's supporting papers, the Court declines to consider Mr. Klein's arguments and evidence appearing for the first time in his reply. Because the Court finds no reasonable basis to excuse Mr. Klein's failure to properly raise the argument in his opening brief, the Court declines to require the City to file a sur-reply. *See Wallace v. Countrywide Home Loans, Inc.,* No. SACV 08–1463 AG MLGx, 2009 WL 4349534, at *7 (C.D.Cal. Nov. 23, 2009) ("The opposing party should not have to incur the cost and effort of additional filings—a motion for leave to file a sur-reply, and the sur-reply itself—because the movants deliberately, or . . . inadvertently,

held back part of their case." (quoting *Gutierrez v. 78th Judicial Dist. Court,* No. 1:07–cv–1268, 2009 WL 1507415, at *1 (W.D.Mich. May 29, 2009)) (internal quotation marks omitted)).

## IV. CONCLUSION

For the foregoing reasons, Mr. Klein's motion for attorneys' fees and costs is DENIED.